900 F.2d 79
 Anthony CRABTREE, Plaintiff-Appellee,
v.
Martha L. COLLINS, Former Governor of Kentucky; Wallace
Wilkinson, Governor of Kentucky; John Wigginton, Secretary
of the Corrections Cabinet of Kentucky; George Wilson,
Former Secretary of the Corrections Cabinet of Kentucky;
and Dewey Sowders, Warden of Northpoint Training Center,
Defendants-Appellants.
 No. 89-5693.
 United States Court of Appeals,
Sixth Circuit.
 Argued Jan. 29, 1990.
Decided April 6, 1990.
 
 Robert W. Kellerman, Richard M. Guarnieri, Charles E. Daniel (argued), Stoll, Keenan & Park, Frankfort, Ky., for plaintiff-appellee.
 Barbara W. Jones (argued), Office of Gen. Counsel Corrections Cabinet, Frankfort, Ky., for defendants-appellants.
 Before KEITH and KRUPANSKY, Circuit Judges, and ENGEL, Senior Circuit Judge.
 KEITH, Circuit Judge.
 
 
 1
 Defendants Wallace Wilkinson, Governor of the Commonwealth of Kentucky; Martha Layne Collins, former Governor of the Commonwealth of Kentucky; John Wigginton, Secretary of the Corrections Cabinet of Kentucky; George Wilson, former Secretary of the Corrections Cabinet of Kentucky; and Dewey Sowders, Warden of Northpoint Training Center (collectively "appellants") appeal from the district court's April 3, 1989 order awarding $2,963.55 in attorney's fees to counsel for Anthony Crabtree ("Crabtree") under the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. Sec. 1988. The issue presented in this appeal is whether Crabtree is a "prevailing party" under the statute. For the reasons set forth below, we REVERSE.
 
 I.
 
 2
 In December 1980, prior to his incarceration in the Kentucky Penal System, Crabtree underwent a surgical procedure to remove a bullet from his skull. During the procedure, a section of his skull measuring approximately 1.5 inches in diameter was permanently removed. Because of his condition, Crabtree suffered migraine headaches and feared that he would be seriously injured in the prison environment.
 
 
 3
 Crabtree repeatedly requested medical attention for his condition, including a cranioplasty--the implantation of a protective plate for the exposed area of his skull.[1] He was attended by medical personnel employed by the Commonwealth of Kentucky. He also requested relocation to a safer prison environment.
 
 
 4
 Based upon the diagnosis of Crabtree's physicians, Drs. E.G. Houchin and George Noe, appellants determined that the cranioplasty was an elective procedure. Costs for elective medical treatment are not covered in the Kentucky Penal System's budget. Therefore, appellants denied Crabtree's request for the implantation of a protective skull plate.
 
 
 5
 On September 29, 1987, while still incarcerated, Crabtree brought this pro se action, pursuant to 42 U.S.C. Sec. 1983. He alleged that the appellants' decision to deny the requested surgical procedure constituted reckless and wanton indifference to his medical needs. Such conduct, he alleged, violated his fifth and fourteenth amendment rights to due process and constituted cruel and unusual punishment under the eight amendment.
 
 
 6
 On November 2, 1987, appellants moved for dismissal and submitted medical records indicating that the cranioplasty was not medically necessary. Magistrate Joseph Hood issued a report and recommendation converting appellants' motion to dismiss into a motion for summary judgment on November 23, 1987. Magistrate Hood recommended that summary judgment be granted in favor of appellants as no deliberate indifference had been demonstrated by the medical records. Crabtree filed timely objections to the magistrate's report.
 
 
 7
 On January 11, 1988, the district court, sua sponte, appointed Robert Kellerman ("counsel") to represent Crabtree. Counsel filed a supplemental objection to the magistrate's report and an amended complaint. The amended complaint added additional defendants;[2] however, the amended complaint was substantially similar to the original complaint. Crabtree sought compensatory and punitive damages, as well as injunctive relief directing defendants to perform the requested surgery. Additionally, counsel filed a motion requesting a court ordered examination by a physician of Crabtree's choice at the Commonwealth's expense.
 
 
 8
 Over appellants' objections the district court appointed Dr. Robert Meriwether of Paducah Neurological Center who examined Crabtree. Crabtree filed Dr. Meriwether's report on October 4, 1988; it indicated that although performance of a cranioplasty would be reasonable, such medical procedure was not mandatory.
 
 
 9
 On November 14, 1988, the district court ordered appellants to move for dismissal, because Crabtree had been released from prison upon the completion of his sentence. Appellants complied with the order and filed a motion to dismiss on November 21, 1988. Without reaching the merits of Crabtree's claims, the district court granted the motion to dismiss on December 16, 1988. During his term of incarceration, Crabtree did not receive the requested surgery.
 
 
 10
 On April 3, 1989, the district court entered an order awarding Crabtree's counsel $2,963.55 in attorney's fees, pursuant to 42 U.S.C. Sec. 1988. Appellants subsequently filed a motion to amend and alter the order which the district court denied on April 28, 1989. Appellants filed a timely notice of appeal on May 25, 1989.II.
 
 
 11
 On appeal, appellants argue that the district court erred in awarding attorney's fees to counsel because Crabtree is not a "prevailing party." They contend that a party is entitled to attorney's fees only when the plaintiff is granted, on the merits, the relief sought in the complaint. Because Crabtree did not receive any of the relief sought in his complaint, appellants maintain that he fails to qualify as a prevailing party for the purpose of obtaining attorney's fees under 42 U.S.C. Sec. 1988. Crabtree counters that the district court's award of attorney's fees was proper. He contends that the district court's appointment of a medical expert to conduct a medical examination and determine the necessity of the cranioplasty was sufficient relief to satisfy the prevailing party standard. The district court found that because Crabtree's claim was "nonfrivolous," he was a prevailing party even though the district court dismissed his case before reaching the merits. Crabtree v. Collins, No. 87-61 slip op. at 6 (E.D.KY. Apr. 4, 1989). [ We disagree with the district court's finding.
 
 
 12
 As amended, 42 U.S.C. Sec. 1988 privides in pertinent part:
 
 
 13
 In any action or proceeding to enforce a provision of section[ ] ... 1983 ... of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.
 
 
 14
 The purpose of the statute is "to provide the familiar remedy of reasonable counsel fees to the prevailing parties in suits to enforce the civil rights acts which Congress has passed since 1866...." S.Rep. No. 94-1011, 94th Cong., 2d Sess. 2, reprinted in 1976 U.S.Code Cong. & Admin.News 5908, 5909-10. The provision of attorney's fees under the statute is intended to enable private citizens to assert their civil rights and to prevent violators of the "[n]ation's fundamental laws" from escaping liability. Id. A litigant must be a prevailing party in order to be eligible for attorney's fees under 42 U.S.C. Sec. 1988. See Hewitt v. Helms, 482 U.S. 755, 760, 107 S.Ct. 2672, 2675-76, 96 L.Ed.2d 654 (1987). Whether a party has prevailed for purposes of Section 1988 is a threshold determination which must be made prior to the award of fees. See Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); Dover v. Rose, 709 F.2d 436, 438 (6th Cir.1983); Northcross v. Board of Education of Memphis City Schools, 611 F.2d 624, 636 (6th Cir.1979), cert. denied, 447 U.S. 911, 100 S.Ct. 3000, 64 L.Ed.2d 862 (1980). If the plaintiff is deemed a prevailing party, the plaintiff shall recover attorney's fees unless circumstances render the award unjust. See Dover, 709 F.2d at 438; Price v. Pelka, 690 F.2d 98, 101 (6th Cir.1982). See also S.Rep. No. 94-1011, 94th Cong., 2d Sess. 4, reprinted in 1976 U.S.Code Cong. & Admin.News 5908, 5912.
 
 
 15
 A plaintiff is a prevailing party within the meaning of Section 1988 if the plaintiff has succeeded on "any significant issue in litigation which achieve[d] some of the benefits the parties sought in bringing the suit." Texas State Teachers Assoc. v. Garland, --- U.S. ----, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989) (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1978)) (emphasis added). See also Dover, 709 F.2d at 439. A prevailing party must have resolved the dispute in a manner that "changes the legal relationship between itself and the defendant.... The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute." Texas Teachers Assoc., --- U.S. ----, 109 S.Ct. at 1493. This change in legal relationships may be accomplished by obtaining "some relief on the merits" through a favorable judgment, or by obtaining a settlement. Hewitt, 482 U.S. at 760, 107 S.Ct. at 2675-76. See also Maher v. Gagne, 448 U.S. 122, 129 (1980). A plaintiff is a prevailing party only when the relief set forth in the complaint is received by the plaintiff. Rhodes v. Stewart, 488 U.S. 1, 109 S.Ct. 202, 203-04, 102 L.Ed.2d 1 (1988).
 
 
 16
 In Hewitt v. Helms, 482 U.S. 755, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987), a prisoner instituted a Section 1983 action against the state of Pennsylvania. At the conclusion of the litigation, the prisoner moved the court for an award of attorney's fees under Section 1988. On review, the Supreme Court determined that the prisoner was not a prevailing party entitled to attorney's fees, because he had obtained no relief on any of his claims. Hewitt, 482 U.S. at 760, 107 S.Ct. at 2675-76. The Hewitt Court focused on the substance of what the plaintiff sought in initiating the litigation to determine whether the pressures of the lawsuit affected the defendant's behavior toward the plaintiff. Id. at 761, 107 S.Ct. at 2676.
 
 
 17
 Crabtree erroneously asserts that the appointment of a medical expert is the critical factor in determining that he is a prevailing party. We disagree. In fact, the central issue of the underlying litigation was whether appellants showed reckless and wanton disregard for Crabtree's medical condition. The appointment of a medical expert was not the relief sought by Crabtree in his original or amended complaint.[3] The district court appointed Dr. Meriwether as a medical expert to aid in the court's decision-making process. Dr. Meriwether indicated that Crabtree's request for a cranioplasty was reasonable, but the procedure was not mandatory. Dr. Meriwether's report supports a finding that appellants did not recklessly and wantonly disregard Crabtree's condition by denying him the elective surgery. Furthermore, since Crabtree was released from prison, the district court dismissed the case prior to reaching a decision on the merits. On these facts, Crabtree fails to establish that he prevailed on any significant issue of the litigation. See Texas Teachers Assoc., 109 S.Ct. at 1486. The appointment of a medical expert, alone, does not render Crabtree a prevailing party.
 
 
 18
 Crabtree also argues that his release from prison signifies a change in his legal relationship with appellants as a result of the litigation; therefore, the attorney's fee award was proper. See Hewitt, 482 U.S. at 760-61, 107 S.Ct. at 2676-77. The record, however, fails to support a finding that Crabtree was released because he instituted the lawsuit. Crabtree was released upon the completion of his sentence. Thus, we cannot construe such release as a change in his legal relationship warranting the award of attorney's fees.
 
 III.
 
 19
 We find that Crabtree is not a prevailing party within the meaning of Section 1988. He obtained neither the damages award, nor the injunction that he sought. His release did not result from a settlement or other nonjudicial resolution. As Crabtree did not prevail on any significant issue presented, we REVERSE the district court's award of attorney's fees.
 
 
 
 [1]
 Crabtree requested the cranioplasty in July and August of 1985. He renewed his request in January 1987
 
 
 [2]
 The additional defendants were Governor Wallace Wilkinson; John Wigginton, Secretary of Corrections; and Dewey Sowders, Warden of Northpoint Training Center
 
 
 [3]
 Crabtree sought compensatory damages, punitive damages, a mandatory injunction requiring the administration of necessary medical care to Crabtree, costs including reasonable attorney's fees, and "other relief as the Court deems just and appropriate to remedy the acts of cruel and unusual punishment." First Amended Complaint at 5