Artice DOTSON, Plaintiff–Appellant,

v.

UNITED STATES POSTAL SERVICE and Anthony M. Frank, Postmaster General, Defendants–Appellees.

No. 91–1183.

United States Court of Appeals, Sixth Circuit.

Submitted Feb. 11, 1992.

Decided May 5, 1992.*

Arthur James Rubine (briefed), Birmingham, Mich., Artice Dotson (briefed), Detroit, Mich., for plaintiff-appellant.

Denise Langford–Morris (briefed), David G. Karro, Washington, D.C., David F. Wightman, U.S. Postal Service, Chicago, Ill., for defendants-appellees.

---

* This decision was originally issued as an "unpublished decision" filed on May 5, 1992. On September 22, 1992, the court designated the opinion as one recommended for full-text publication.

Before: SUHRHEINRICH and SILER, Circuit Judges; and BATTISTI, District Judge.**

PER CURIAM.

Plaintiff, Artice Dotson, filed this action against defendants, United States Postal Service ("USPS") and Anthony M. Frank, Postmaster General, alleging that plaintiff's employment termination by USPS constituted handicap discrimination and violated the Rehabilitation Act, 29 U.S.C. §§ 791 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16.[1] The district court granted defendants summary judgment, finding that: (1) plaintiff had misled the district court by offering two conflicting sworn statements regarding prior employment termination; and (2) evidence discovered post-termination was admissible to show plaintiff was not qualified for the USPS position, citing *Summers v. State Farm Mut. Auto. Ins. Co.*, 864 F.2d 700 (10th Cir.1988). For the reasons set forth below, we AFFIRM the district court.

In 1986, plaintiff was hired as a part-time USPS letter carrier. On September 7, 1988, plaintiff was terminated due to previous back injuries and a physical condition that limited his ability to carry mail. After plaintiff initiated this action, USPS learned that plaintiff had omitted prior health and employment information on several employment application forms,[2] including plaintiff's: (1) prior employment with the Michigan State Department of Corrections at the Western Wayne Correctional Facility ("MSDC") and a Detroit A & P warehouse ("A & P"); (2) dismissal or forced resignation from both of these positions; and (3) current use of prescription drugs. Additionally, during his USPS interview, plaintiff had told Postmaster Lloyd Wesley that he no longer had back problems, while only three days earlier, he had received treatment and medication for recurring back pain. Plaintiff's affidavit opposing summary judgment stated that: (1) any application misrepresentations were innocent error; (2) he had voluntarily left the MSDC and A & P positions; and (3) he did not mention his medications because they were being taken as needed and he was not using them at the time of the application. However, during an earlier deposition, plaintiff stated he was given a "pink slip" stating that "[he] was fired."

Summary judgment may be granted "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *see Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476–81 (6th Cir.1989) (detailed discussion of new summary judgment standard). This court reviews a grant of summary judgment *de novo*. *See Equal Employment Opportunity Comm'n v. University of Detroit*, 904 F.2d 331, 334 (6th Cir.1990). Once the moving party has met its burden of production, the non-moving party must go beyond the pleadings, and show by '"depositions, answers to interrogatories, and admissions on file,"' together with the affidavits, if any, that there is a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. at 2553 (quoting Fed.R.Civ.P. 56(e)); *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988) (quoting Fed.R.Civ.P. 56(c)).

To establish handicap discrimination, plaintiff must show: (1) that he was an otherwise qualified handicapped person apart from his handicap; and (2) that he was terminated under circumstances creating an inference that his termination was based solely on his handicap. *See Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Harris v. Adams*, 873 F.2d 929, 932

---

** The Honorable Frank J. Battisti, United States District Judge for the Northern District of Ohio, sitting by designation.

1. In an initial administrative proceeding, the Equal Employment Opportunity Commission determined that no discrimination had occurred.

2. Each form contained a statement explaining that any misinformation may be grounds for non-employment or dismissal.

(6th Cir.1989) (citing *Jasany v. United States Postal Service*, 755 F.2d 1244, 1249 n. 5 (6th Cir.1985)) (adopting the *Burdine* test). Under the *Burdine* standards, plaintiff lacked the honesty and trustworthiness required for the USPS position. The postmaster stated that plaintiff would not have been offered employment had plaintiff's application omissions been known at the time of hiring. Even though plaintiff's failure to complete the application truthfully was discovered post-termination, he is not entitled to handicap discrimination relief when he was not initially qualified for the position. Proof that plaintiff is entitled to relief is essential to handicap discrimination claims. *Crabtree v. Collins*, 900 F.2d 79, 82–83 (6th Cir.1990). The post-termination evidence of plaintiff's application fraud is relevant to his claim of injury, and "precludes the grant of any present relief or remedy." *Summers*, 864 F.2d at 708; *see Johnson v. Honeywell Info. Sys.*, 955 F.2d 409 (6th Cir.1992) (evidence of employee's misconduct discovered post-termination is admissible to show just cause for termination in a wrongful discharge action).

 A party cannot create a factual dispute by filing an affidavit, after a motion for summary judgment has been made, which contradicts earlier testimony. *Gagne v. Northwestern Nat'l Ins. Co.*, 881 F.2d 309, 315 (6th Cir.1989). Plaintiff misled the district court by opposing the summary judgment motion with two conflicting statements regarding his prior employment termination and made no attempt to explain his inconsistencies. Thus, plaintiff did not establish a genuine issue of material fact. As plaintiff's application fraud precludes an award of relief, an essential element of his handicap discrimination claim, defendants are entitled to summary judgment. *See Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552 (summary judgment proper where plaintiff fails to prove essential element of claim).

For the foregoing reasons, we AFFIRM the decision of Judge Barbara K. Hackett.