Paul F. FAURI, Plaintiff,

v.

EXECUTIVE BRANCH ETHICS COMMISSION, COMMONWEALTH OF KENTUCKY, et al., Defendants.

No. Civ.A. 96–2.

United States District Court,
E.D. Kentucky.

March 13, 1997.

Order Denying Motion to Amend
Judgment Denied, July 17, 1997.

Phillip J. Shepherd, Frankfort, KY, for Paul F. Fauri, Individually and as Represen-

tative of a Class of Similarly Situated Citizens, plaintiff.

Laura Hromyak Hendrix, Frankfort, KY, Donna Greenwell Dutton, Executive Branch Ethics Commission, Frankfort, KY, for Executive Branch Ethics Commission, Commonwealth of Kentucky, defendant.

Donna Greenwell Dutton, Executive Branch Ethics Commission, Frankfort, KY, for Martin J. Huelsman, Randall L. Wells, Ruth Helen Baxter, Lynda M. Thomas, Don A. Wimberly, Rt. Rev., Jill E. Lemaster, defendants.

## MEMORANDUM OPINION & ORDER

HOOD, District Judge.

This matter is before the Court on the plaintiff's motion 2[Record No. 39] for attorney's fees pursuant to 42 U.S.C. § 1988. The defendants have responded [Record No. 45], to which the plaintiff has replied [Record No. 46]. This matter is now ripe for decision. Having reviewed the record and the memoranda submitted by the parties, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

The plaintiff, Paul F. Fauri, filed this action against the defendants, after the defendants had subpoenaed his financial records in connection with an investigation concerning his wife. His wife is an attorney with the Justice Cabinet of the Commonwealth of Kentucky. Mr. Fauri is an attorney who has professional service contracts with the Kentucky Retirement System and with the Board of Occupations and Professions. Due to Mr. Fauri's contracts with these agencies and his wife's position with the Justice Cabinet, the defendants initiated an investigation pursuant to KRS 11A.040(4). KRS 11A.040(4) states,

No public servant shall knowingly himself or through any business in which he owns or controls an interest of more than five percent (5%), or by any other person for his use or benefit or on his account, undertake, execute, hold, or enjoy, in whole or in part, any contract, agreement, lease, sale, or purchase made, entered into, awarded, or granted by any state agency.. This provision shall not apply to a contract, purchase, or good faith negotiation made pursuant to KRS Chapter 416 relating to eminent domain or to agreements which may directly or indirectly involve public funds disbursed through entitlement programs.

As part of their investigation, alleging that the plaintiff's wife was in violation of KRS 11A.040(4) due to her husband's contracts with the above-named agencies, the defendants sent out "administrative subpoenas" to several banks in Franklin County, Kentucky, requesting these institutions disclose the plaintiff's financial records. The defendants also served the Revenue Cabinet of the Commonwealth of Kentucky with an "administrative subpoena", seeking disclosure of the plaintiff's tax returns.

Mr. Fauri contacted the defendants, after having learned of these subpoenas. He requested the defendants narrow the scope of their investigation to only include "matters which could legitimately be within the scope of a lawful investigation." Plaintiff's Complaint, ¶ 25, p. 6. Mr. Fauri was particularly concerned with the "administrative subpoenas", since they sought *all* of his financial records, which would include client escrow accounts.

After being told that the investigation and the records sought would not be narrowed, Mr. Fauri filed this action pursuant to 42 U.S.C. § 1983. Mr. Fauri claimed that the defendants had denied him due process of law and equal protection under the law, had infringed on his right to freedom of association and his right of privacy, and had violated several pendent state laws. Mr. Fauri sought both declaratory and injunctive relief.

Upon filing this case, Mr. Fauri sought a temporary restraining order, to restrain the defendants from obtaining or reviewing any of his financial information. The Court granted the temporary restraining order and set a date for a hearing on a preliminary injunction. At the hearing, the Court enjoined the defendant's from obtaining or reviewing any of Mr. Fauri's client escrow accounts. The Court did not rule on his other

financial records; instead, the Court ordered the parties to supply the Court with copies of the "administrative subpoenas" issued and to brief the issue of why the subpoenas were or were not overly broad. However, the Court did keep the temporary restraining order in place until it could rule on the preliminary injunction as to these remaining financial records.

Before the Court was able to rule on the preliminary injunction as to these remaining records, the defendants gave notice that the investigation of Mr. Fauri's wife had been called off due to an amendment to KRS 11A.040(4). The parties agreed that this matter should be dismissed; however, they were unable to agree on the terms of the dismissal. Mr. Fauri wanted the defendants to return any financial records they had obtained prior to the Court's temporary restraining order and the defendants would not agree to such request. Moreover, the issue of attorney's fees remained before the Court.

Due to the disagreement as to the financial records, Mr. Fauri moved the Court for an amendment of the preliminary injunction, ordering the defendants to return all financial documents in their possession. The defendants then made a renewed motion to dismiss this matter, a motion to dissolve the temporary restraining order and preliminary injunction, and a response to Mr. Fauri's motion to amend the preliminary injunction.

In ruling on the pending motions, Court noted that the issues which were the subject of this action had been rendered moot by the amendment to KRS 11A.040(4). Thus, the Court ruled that both the plaintiff's motion for a preliminary injunction and the defendant's motion to dismiss were denied as moot. The Court also ruled that the plaintiff's motion to amend the preliminary injunction and the defendant's motion to dissolve the temporary restraining order and preliminary injunction were taken under advisement. However, once again, before the Court could rule on the pending motions, the parties put forth an agreed order of dismissal; the defendants agreed to destroy all financial documents obtained, to terminate their investigation, and to withdraw any "administrative subpoenas" which were issued.

In accordance with these actions, Mr. Fauri agreed that all pending issues in this matter had been rendered moot and that this action should be dismissed once the Court had addressed his entitlement to attorney's fees.

Mr. Fauri has put forth a motion for attorney's fees pursuant to 42 U.S.C. § 1988, claiming that he is a prevailing party in this matter and therefore he is entitled to attorney's fees. The defendants object, arguing that Mr. Fauri was not successful on the merits of this case and this matter was dismissed only because the investigation of his wife was rendered moot by the amendment to KRS 11A.040(4).

## CONCLUSIONS OF LAW

42 U.S.C. § 1988(b) states,

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, *1983*, 1985, and 1986 of this title, title IX of Public Law 92–318 [20 U.S.C.A. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or section 13981 of this title,, [sic] *the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorneys' fee as part of the costs.*

(emphasis added) (footnote omitted). Whether a plaintiff is entitled to attorney's fees, thus, turns on whether the plaintiff was a *prevailing party.*

### I. *Mr. Fauri Is A Prevailing Party*

■■ The United States Supreme Court in *Hewitt v. Helms,* 482 U.S. 755, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987), held that a plaintiff may achieve prevailing party status without obtaining judgment on the merits by the Court. The Court stated that the focus is on what the plaintiff sought and what the plaintiff obtained, not necessarily through the Court, but through the actions of the defendant. *Id.* at 761, 107 S.Ct. 2672. The Court noted that "[a]t the end of the rainbow lies not a judgment, but some action (or cessation of action) by the defendant that the judgment produces—the payment of damages, or some specific performance, or the termination of some conduct." *Id.* Thus, a volun-

tary action by a defendant may be enough to render the plaintiff a prevailing party under 42 U.S.C. § 1988.

> It is settled law, of course, that relief need not be judicially decreed in order to justify a fee award under § 1988. A lawsuit sometimes produces voluntary action by the defendant that affords the plaintiff all or some of the relief he sought through a judgment—*e.g.*, a monetary settlement or *a change in conduct that redresses the plaintiff's grievances.* When that occurs, the plaintiff is deemed to have prevailed despite the absence of a formal judgment in his favor.

*Id.* at 760–761, 107 S.Ct. 2672 (emphasis added); *see also Texas State Teachers Ass'n. v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989) ("Thus, at a minimum, to be considered a prevailing party within the meaning of § 1988, the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant."); *Crabtree v. Collins*, 900 F.2d 79, 82–83 (6th Cir.1990) (citing *Hewitt* and noting that a "plaintiff is a prevailing party only when the relief set forth in the complaint is received by the plaintiff").

In the case at hand, Mr. Fauri did not obtain a judgment on the merits or a settlement with the defendant; he did, however, achieve the result he set forth in the complaint—to keep the defendants from obtaining and reviewing his financial records. Moreover, this lawsuit appears to have served as a catalyst to the amendment of KRS 11A.040(4), ensuring that investigations of public servants based on spousal contracts with other non-related agencies would not occur as had occurred in this case. Having succeeded in altering the defendants conduct, Mr. Fauri is a prevailing party. *See Hewitt*, 482 U.S. at 761, 107 S.Ct. 2672 ("[In a declaratory judgment action,] if the defendant, under pressure of the lawsuit, alters his conduct (or threatened conduct) towards the plaintiff that was the basis for the suit, the plaintiff will have prevailed.")

## II. *Mr. Fauri's Attorney's Fees Are Reasonable*

The next question, then, is the reasonableness of the fees sought. In determining a reasonable fee, the Court uses the lodestar approach; the Court calculates "'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Wayne v. Village of Sebring*, 36 F.3d 517, 531 (6th Cir.1994) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)), *cert. denied*, 514 U.S. 1127, 115 S.Ct. 2000, 131 L.Ed.2d 1001 (1995). The Court should "exclude excessive, redundant, or otherwise unnecessary hours." *Id.* Moreover, the Court must determine whether to adjust the fee upward or downward, particularly if the plaintiff only obtained partial success. *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933.

Mr. Fauri's counsel has submitted a list of hours expended and the services provided. His counsel has billed this case under counsel's customary fee rate in federal court of $150.00. Multiplying the hours spent times the hourly rate, the plaintiff has put forth a figure of $21,690.00 for attorney's fees. Mr. Fauri has also put forth a figure of $905.60 as costs, for a total of $22,595.60 for attorney's fees and costs.

The defendants object to the fees submitted. The defendants argue that the plaintiff did not achieve "excellent results" because the major issues in this case were never decided before the case was dismissed. Moreover, the defendants submit that plaintiff's counsel's hourly rate is unreasonable because it is substantially higher than similar experienced attorneys' rates in the community. However, the defendants do not set forth which attorneys they surveyed to determine that plaintiff's counsel's rate were substantially higher, nor do the defendants put forth what they consider to be the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).[1]

---

1. The Court notes, however, that in *Blum* the Supreme Court stated that "the burden is on the fee applicant to produce satisfactory evidence— in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by

Having considered the outcome of this case and the effort put forth to achieve that outcome, the Court notes that Mr. Fauri achieved the results he wanted, regardless of whether the Court ruled on the merits of his complaint. Thus, the level of the success in this case was high. Looking at plaintiff's counsel's itemization of time spent, the Court finds the hours to be reasonable, not excessive, redundant or unnecessary. Moreover, the standard rate for an attorney in a large firm in Lexington, Kentucky ranges anywhere from approximately $100–$200 [2]; thus, the Court finds plaintiff's counsel's rate of $150.00 to be reasonable and within the prevailing market range. Accordingly,

**IT IS ORDERED** as follows:

(1) The plaintiff's motion for attorney's fees [Record No. 39] be, and the same hereby is, **GRANTED.**

(2) The plaintiff be, and the same hereby is, **AWARDED** $21,690.00 in attorney's fees and $905.60 in costs, for a total of $22,595.60.

(3) All claims having been disposed of in this matter, this matter be, and the same hereby is, **DISMISSED** and **STRICKEN** from the Court's active docket. A final judgment will be entered contemporaneously herewith.

### MEMORANDUM OPINION & ORDER DENYING MOTION TO AMEND JUDGMENT

This matter is before the Court on the defendants' motion [Record Nos. 49 & 50] to alter or amend the judgment. The plaintiff has responded [Record No. 51], to which the defendants have replied [Record No. 52]. This matter is now ripe for decision.

The Court awarded the plaintiff, Paul F. Fauri, attorney's fees after determining that he was a prevailing party under 42 U.S.C. § 1988(b).

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, *1983,* 1985, and 1986 of this title, title IX of Public Law 92–318 [20 U.S.C.A. § 1681 et

seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or section 13981 of this title,, [sic] *the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.*

42 U.S.C. § 1988(b) (emphasis added) (footnote omitted). The Court found that although Mr. Fauri did not obtain a judgment on the merits or a settlement with the defendants, he did achieve the result he set forth in the complaint—to keep the defendants from obtaining and reviewing his financial records. Moreover, the Court noted that this lawsuit appeared to have served as a catalyst to the amendment of KRS 11A.040(4), ensuring that investigations of public servants based on spousal contracts with other non-related agencies would not occur as had occurred in this case. Thus, the Court held that because Mr. Fauri succeeded in altering the defendants conduct, Mr. Fauri was a prevailing party. *See Hewitt v. Helms,* 482 U.S. 755, 761, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987) ("[In a declaratory judgment action,] if the defendant, under pressure of the lawsuit, alters his conduct (or threatened conduct) towards the plaintiff that was the basis for the suit, the plaintiff will have prevailed.")

The defendants attempt to alter this judgment by alerting the Court to the fact that the Commission actually lobbied for a change in the law prior to this lawsuit, and certainly not because of this lawsuit. While that may be, this fact does not alter the Court's ultimate reason for awarding attorney's fees— Mr. Fauri obtained the relief he sought. *See id.* ("At the end of the rainbow lies not a judgment, but some action (or cessation of action) by the defendant that the judgment produces—the payment of damages, or some specific performance, or the termination of some conduct."); *see also Texas State Teachers Ass'n. v. Garland Indep. Sch. Dist.,* 489

---

lawyers of reasonably comparable skill, experience, and reputation." *Blum,* 465 U.S. at 895 n. 11, 104 S.Ct. 1541.

**2.** Although plaintiff's counsel's office is located in Frankfort, Kentucky, he is affiliated with the Lexington firm of Newberry, Hargrove, & Rambicure.

U.S. 782, 792, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989) ("Thus, at a minimum, to be considered a prevailing party within the meaning of § 1988, the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant."); *Crabtree v. Collins,* 900 F.2d 79, 82–83 (6th Cir.1990) (citing *Hewitt* and noting that a "plaintiff is a prevailing party only when the relief set forth in the complaint is received by the plaintiff").

Moreover, the defendants attempt to amend the judgment by requesting the Court at least lower the attorney's fees awarded. Again, however, this issue was thoroughly addressed before. In its Opinion, the Court clearly addressed the reasonableness of the plaintiff's attorney's fees request. The Court considered the outcome of this case and the effort put forth to achieve that outcome, noted that Mr. Fauri achieved the results he wanted, regardless of whether the Court ruled on the merits of his complaint, and thus found that the level of the success in this case was high. Furthermore, the Court determined that the hours put forth by the plaintiff's counsel were reasonable, not excessive, redundant or unnecessary and that plaintiff's counsel's rate of $150.00 was reasonable and within the prevailing market range. Accordingly, the Court ruled that the plaintiff was entitled to recover $21,690.00 in attorney's fees and $905.60 in costs, for a total of $22,595.60. The Court finds no reason to change its decision now.

In sum, then, the Court finds that the plaintiff was a prevailing party regardless of whether this lawsuit served as a catalyst for changing the law; the plaintiff achieved the success he sought—restraining the defendants from obtaining and reviewing his financial records. Although the defendants ultimately dismissed this matter due to a change in the law, the defendants changed their position through the plaintiff's actions, especially in light of the fact that the law was not given retroactive effect. Consequently, based on the above reasoning, the Court declines to alter or amend its judgment as the defendants have not put forth now or persuasive reason for so doing.[1] Accordingly,

**IT IS ORDERED** that the defendants' motion to alter or amend [Record Nos. 49 & 50] be, and the same hereby is, **DENIED** and this matter be, and the same hereby is, **STRICKEN** from the Court's active docket.

---

1. The Court notes that in the defendants' attempt to have the judgment altered or amended, the defendants raise several issues that were previously raised, and addressed, in their response to the plaintiff's motion for attorney's fees. Moreover, in their reply, the defendants put forth substantive issues which go to the merits of the case and are not appropriate to litigate at this juncture, e.g. the issue of standing.