RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0203P (6th Cir.)
File Name: 03a0203p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————

DAVID W. LANIER,
     *Plaintiff-Appellant,*

    *v.*          No. 00-6408

ED BRYANT, et al.,
    *Defendants-Appellees.*

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 94-02611—Jon Phipps McCalla, District Judge.

Submitted: December 12, 2002

Decided and Filed: June 17, 2003

Before: BATCHELDER and MOORE, Circuit Judges;
FORESTER, Chief District Judge.[*]

———————

**COUNSEL**

**ON BRIEF:** Sidney P. Alexander, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, Mary M. Bers, OFFICE OF THE ATTORNEY GENERAL, SENIOR

---

[*] The Honorable Karl S. Forester, Chief United States District Judge for the Eastern District of Kentucky, sitting by designation.

COUNSEL, CIVIL RIGHTS AND CLAIMS DIVISION, Nashville, Tennessee, William N. Bates, James Russell Farrarr, FARRAR & BATES, Nashville, Tennessee, Joseph S. Ozment, WAMPLER, PIERCE, CALIFF & SIEGEL, Memphis, Tennessee, for Appellees. David W. Lanier, Lompoc, California, pro se.

———————

**OPINION**

———————

FORESTER, Chief District Judge. David W. Lanier, a federal prisoner proceeding *pro se*, appeals the district court order granting summary judgment to the defendants in an action brought pursuant to the Federal Wiretap Act, 18 U.S.C. § 2510, et seq.; 42 U.S.C. §§ 1983 and 1985; and the doctrine announced in *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). For the following reasons, we AFFIRM.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Lanier brought this suit against former United States Attorney Ed Bryant, United States Attorney Veronica Coleman, Assistant United States Attorneys Steve Parker and Amy Spain (now deceased), Department of Justice Attorney Albert Moskowitz, Federal Bureau of Investigation ("FBI") Special Agent Bill Castleberry, Tennessee Bureau of Investigation ("TBI") Agent Steve Champine, the State of Tennessee, the TBI, the City of Dyersburg, Tennessee, the Mayor and Board of Aldermen of Dyersburg, the United States Department of Justice, the FBI, Bobby Williamson, Mark Grant, Joey McDowell (now deceased), Don Newell, Stan Cavness, Rob Hammond, Judy Forsythe, Fay Warner, Marcia Warner Van Sandt, and other unknown persons. Lanier sued these defendants in their individual and official capacities, and he sought monetary and injunctive relief.

Lanier, a former chancery court judge in Dyersburg, Tennessee, was convicted of violating 18 U.S.C. § 242 by sexually assaulting women in his chambers in 1992, and sentenced to twenty-five years of imprisonment. He appealed the conviction, but ultimately had his appeal dismissed when he absconded to Mexico and failed to surrender to federal authorities. *See United States v. Lanier*, 123 F.3d 945, 946 (6th Cir. 1997). Lanier filed his original complaint in May of 1994, alleging that the defendants violated the Federal Wiretap Act by illegally intercepting telephone conversations between himself and other individuals, and then using the recordings of these conversations to prosecute him. After a prolonged procedural history, the district court dismissed most of Lanier's claims. The case proceeded only on Lanier's allegations under the Federal Wiretap Act against Bryant, Parker, Moskowitz, Castleberry, Newell, Cavness, Grant, Williamson, Warner, Van Sandt and Champine. In December of 1999, these remaining defendants filed motions for summary judgment or to dismiss for failure to state a claim. By order entered on September 29, 2000, the district court granted summary judgment to the defendants and dismissed the case. In reaching this decision, the district court held that the federal prosecutors were immune from suit and that the Federal Wiretap Act's two-year statute of limitations barred Lanier's claims against all of the defendants. *See* 18 U.S.C. § 2520.

Lanier timely filed a notice of appeal, arguing that the district court erred by: (1) granting summary judgment in favor of the defendants; (2) denying Lanier's request to file a second amended complaint; (3) denying Lanier's motion for the appointment of counsel; (4) denying Lanier's motion to compel discovery; (5) striking Lanier's request for admissions and production of documents; (6) denying Lanier's motion for default judgment against Moskowitz and his motion for summary judgment against Warner and Van Sandt; and (7) dismissing the City of Dyersburg as a defendant. We will address each of these claims in turn.

## II.  THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

We review a district court's grant of summary judgment *de novo*, using the same standard under Rule 56(c) used by the district court. *Williams v. Mehra*, 186 F.3d 685, 689 (6th Cir. 1999) (*en banc*). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When we review a motion for summary judgment, we view the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To withstand summary judgment, the non-movant must present sufficient evidence to create a genuine issue of material fact. *Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir. 1990). A mere scintilla of evidence is insufficient; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Lanier's complaint alleged that Fay Warner and Marcia Warner Van Sandt tape-recorded calls between Lanier and Dr. Lynn Warner, that Judy Forsythe received a copy of these tape-recorded calls and provided it to the FBI, and that the FBI used the copy of the tape-recorded calls in its criminal investigation and subsequent prosecution of Lanier. Lanier also claimed that the City of Dyersburg, at the FBI's request, eavesdropped on Lanier's telephone conversations without probable cause. The State of Tennessee indicted Lanier on May 20, 1992. Lanier contends that he first became aware in June of 1992 that his telephone conversations had been recorded when the United States Attorney provided him with

copies of the tape-recorded conversations in the course of the criminal prosecution. Lanier filed his original complaint in this action in May of 1994.

The Federal Wiretap Act provides a civil cause of action for any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of the Act. 18 U.S.C. § 2520(a). "A civil action under this section may not be commenced later than two years after the date upon which the claimant first has a reasonable opportunity to discover the violation." 18 U.S.C. § 2520(e); *see also Davis v. Zirkelbach*, 149 F.3d 614, 618 (7th Cir. 1998); *Andes v. Knox*, 905 F.2d 188, 189 (8th Cir. 1990). The question presented in this action is whether this two-year limitation period expired before Lanier brought his claims under the Federal Wiretap Act.

The defendants carry the initial burden of establishing an absence of evidence to support the timeliness of Lanier's case. *See Celotex*, 477 U.S. at 323. Here, the defendants have provided considerable evidence that Lanier had a "reasonable opportunity to discover the violation" before the indictment. In their motions for summary judgment, the defendants relied upon both Lanier's own deposition and the affidavits of Dr. Lynn Warner and Judy Forsythe. During his deposition, Lanier testified that he knew that his telephone line had been tapped prior to his indictment because other people were able to repeat the content of his seemingly private telephone conversations. Dr. Warner swore in an affidavit that he discovered in 1990 that a conversation that he had with Lanier had been taped, and that he told Lanier that they should not discuss matters over the telephone. Forsythe swore in an affidavit that she received a tape of a conversation between Lanier and Dr. Warner in 1990, and that she told Lanier about the tape at some point in 1991.

Lanier failed to provide significant probative evidence in support of his complaint to defeat the defendants' motions for summary judgment. *See Anderson*, 477 U.S. at 248-49. In response to the defendants' motions, Lanier argued that it

would have been impossible for him to discover that his telephone conversations were being recorded because no federal court had entered an order allowing the wiretapping. Lanier maintained that he only discovered that his telephone conversations had been recorded when he received discovery materials in connection with his criminal prosecution in June of 1992. This conflicts with his deposition testimony, which indicates that he knew, or at least suspected, that his telephone conversations were being taped during the investigation and prior to his May 20, 1992 indictment. When a motion for summary judgment has been filed, a party cannot create a factual issue by filing an affidavit which contradicts earlier testimony. *United States ex rel. Compton v. Midwest Specialties, Inc.*, 142 F.3d 296, 303 (6th Cir. 1998); *Dotson v. United States Postal Serv.*, 977 F.2d 976, 978 (6th Cir. 1992). Lanier cannot create a factual issue by contradicting the testimony that he gave in his deposition.

In *Davis*, the plaintiff argued, as Lanier did to the district court, that he did not know for certain that he had been taped until less than two years before he filed his complaint. The Seventh Circuit, however, held that the statute of limitations began to run when the other party to the conversation informed the plaintiff that the police possessed a tape of their conversation. The Seventh Circuit reasoned that, at that point, the plaintiff "had reason to know that something was afoot." *Davis*, 149 F.3d at 618. In the instant case, both Dr. Warner and Judy Forsythe informed Lanier more than two years before Lanier filed suit that his telephone conversations had been taped. This information provided Lanier with a "reasonable opportunity to discover the violation." 18 U.S.C. § 2520(e).

Lanier further contends that he had no reason to know that his telephone conversations were being recorded because the United States Attorney assured Lanier's counsel that Lanier's telephone conversations were not being recorded, and because an FBI agent made a similar statement directly to Lanier. Lanier did not present these contentions to the district court in the form of sworn testimony so they are not a part of the

record and cannot be considered by this Court on appeal. *See* Fed. R. App. P. 10(a); *United States v. Bonds*, 12 F.3d 540, 552 (6th Cir. 1993).

Lanier also contends that the disclosure of the tapes during discovery in June of 1992 constituted an illegal disclosure under the Federal Wiretap Act, providing him with a cause of action that falls within the two-year statute of limitations. In *Fultz v. Gilliam*, 942 F.2d 396 (6th Cir. 1991), a panel of this Court held that the statute of limitations under the Federal Wiretap Act begins to run at the time of each disclosure because the Act prohibits "all intentional disclosures and uses of the contexts of intercepted communications where the individual knows or should know that the source of the material is an unauthorized interception." *Id.* at 401-04. Lanier contends that the disclosure made by the United States Attorney during discovery in Lanier's criminal prosecution constitutes a prohibited disclosure under the Act.

Lanier has presented no authority, and the Court is aware of none, to support the contention that a required disclosure under Federal Rule of Criminal Procedure 16 could constitute an illegal disclosure under the Federal Wiretap Act. A close examination of Rule 16 and *Fultz* leads us to conclude that Lanier's contention is untenable. Under *Fultz*, "a new and discrete cause of action accrue[s] under section 2511(1)(c) each time a recording of an unlawfully intercepted communication is played to a third party who has not yet heard it." *Id.* at 402. Rule 16, however, requires the government, upon request by the defendant, to disclose certain items for inspection *by the defendant*. *See* Fed. R. Crim. P. 16 (emphasis added). Since the recordings were of Lanier, and Lanier presumably requested their disclosure during discovery in his criminal prosecution, Lanier and his attorney cannot be considered third parties. Accordingly, any disclosure made pursuant to Rule 16 could not constitute an illegal disclosure.

In any event, the defendants responsible for making the disclosure during the course of discovery are prosecutors and,

as such, are entitled to immunity. Federal prosecutors are entitled to absolute immunity if their actions are related to their prosecutorial functions. *See Imbler v. Pachtman*, 424 U.S. 409 (1976). Turning over tape recordings in discovery pursuant to Rule 16 is an action that is clearly related to a prosecutorial function. Therefore, the district court correctly determined that the prosecutors were immune from suit. *Id.* at 430.

### III.    LANIER'S MOTION TO FILE AN AMENDED COMPLAINT

We review a district court's denial of a motion to amend a complaint for abuse of discretion. *See Begala v. PNC Bank, Ohio Nat'l Ass'n*, 214 F.3d 776, 783 (6th Cir. 2000), *cert. denied*, 121 S.Ct. 1082 (2001). In August of 1998, Lanier sought leave to file a second amended complaint. The tendered complaint alleged that Ed Bryant, Bill Castleberry, Steve Champine, Albert Moskowitz and Steve Parker conspired to prevent witnesses from testifying on Lanier's behalf at his criminal trial. Lanier sought damages under 42 U.S.C. §§ 1983 and 1985 and under the doctrine announced by the Supreme Court in *Bivens*. The district court denied Lanier's motion, holding that the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994) barred Lanier's claims.

In *Heck*, the Supreme Court held that a state prisoner cannot state a cognizable claim under § 1983 if a ruling on his claim would necessarily imply the invalidity of his conviction and confinement until such time that the conviction is reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486-87; *see also Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir. 1995). We have previously extended *Heck* to *Bivens* actions, *Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir. 1998), and we recognize the other jurisdictions that have extended *Heck* to claims under § 1985, *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999). Lanier sought damages

arising out of his conviction, and he claimed no injury distinct from his conviction. Since he sought relief which essentially attacked the lawfulness of his conviction, without first having that conviction set aside, his tendered complaint failed to state a claim under *Heck*. The district court did not abuse its discretion when it applied *Heck* and denied Lanier's motion to amend the complaint.

## IV.     LANIER'S MOTION FOR THE APPOINTMENT OF COUNSEL

We review a district court's order denying appointment of counsel for abuse of discretion. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The appointment of counsel in a civil proceeding is not a constitutional right and is justified only in exceptional circumstances. *See id.* at 605-06. To determine whether these exceptional circumstances exist, courts typically consider "the type of case and the ability of the plaintiff to represent himself." *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987). *See also Poindexter v. Federal Bureau of Investigation*, 737 F.2d 1173, 1185 (D.C. Cir. 1984). Lanier is a former judge and attorney, and he gained knowledge of the facts important to his case through his criminal prosecution. He possesses the knowledge and the training to adequately handle the issues raised in this case. Considering these facts, no exceptional circumstances exist warranting the appointment of counsel.

## V.     LANIER'S MOTION TO COMPEL DISCOVERY AND THE DISTRICT COURT'S STRIKING OF LANIER'S REQUESTS FOR ADMISSIONS AND PRODUCTION OF DOCUMENTS

We review a district court's decisions concerning discovery matters for abuse of discretion. *Sierra Club v. Slater*, 120 F.3d 623, 638 (6th Cir. 1997); *Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 906 (6th Cir. 1991). A plaintiff complaining that the district court granted summary judgment without allowing adequate discovery must be able to show that he could have obtained information through discovery that would disclose material facts. *See Slater*, 120 F.3d at 638.

Nebulous assertions that more discovery time would have produced evidence to defeat summary judgment will be unavailing. *See Gordon v. Barnes Pumps, Inc.*, 999 F.2d 133, 138 (6th Cir. 1993). Lanier has failed to indicate what information he could have gained through discovery to identify a material issue of fact with respect to the Federal Wiretap Act statute of limitations issue. Therefore, the district court did not abuse its discretion in either discovery order.

## VI.     LANIER'S MOTION FOR DEFAULT JUDGMENT AGAINST ALBERT MOSKOWITZ AND MOTION FOR SUMMARY JUDGMENT AGAINST FAYE TURNER AND MARCIA WARNER VAN SANDT

Lanier's arguments that the district court erred by denying him a default judgment against Moskowitz and by denying his motion for summary judgment against Turner and Van Sandt are without merit. The district court denied Lanier's motion for default judgment against Moskowitz because Moskowitz submitted proof that he had not been properly served pursuant to Fed. R. Civ. P. 4. The district court denied Lanier's motion for summary judgment against Turner and Van Sandt because the motion did not comply with Local Rule 7.2(d)(2). Lanier has failed to adequately develop these claims on appeal, and he has not directed this Court to anything in the record to show that the district court erred in denying either his motion for default judgment or his motion for summary judgment. In any event, as previously explained above, the statute of limitations bars Lanier's claims against Moskowitz, Turner and Van Sandt, and Moskowitz is entitled to prosecutorial immunity.

## VII.     THE DISTRICT COURT'S DISMISSAL OF THE CITY OF DYERSBURG

Lanier contended that the City of Dyersburg, Tennessee should have been liable to him under 28 U.S.C. § 1983 because the city had a policy and custom of instructing its police officers to follow FBI orders, regardless of whether the

FBI order the police officers to violate established law. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (local government cannot be held liable under 28 U.S.C. § 1983 under a theory of respondeat superior unless the plaintiff pleads and proves an injury caused by action taken pursuant to official municipal policy). The district court dismissed Lanier's § 1983 claim against the City of Dyersburg because Lanier made only conclusory allegations in his complaint. Conclusory, unsupported allegations of the deprivation of rights protected by the United States Constitution or federal laws are insufficient to state a claim. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). Lanier's complaint alleged that City of Dyersburg police officers recorded his telephone calls at the request of the FBI. Lanier never offered anything beyond this conclusory allegation to suggest that this was a part of some official policy or custom of the City of Dyersburg. Therefore, the district court properly dismissed Lanier's § 1983 claim against the City of Dyersburg.

## VIII.  CONCLUSION

Based upon the above, we AFFIRM the judgment of the district court.