**Christopher SKINNER, Plaintiff–Appellant,**

v.

**Kurt JONES, et al., Defendants–Appellees.**

No. 03–1170.

United States Court of Appeals, Sixth Circuit.

Nov. 4, 2003.

Christopher Skinner, New Haven, MI, pro se.

A. Peter Govorchin, Asst. Attorney Gen., Office of the Attorney General, Lansing, MI, for Defendants-Appellees.

Before BATCHELDER and COLE, Circuit Judges; and HOOD, District Judge.*

### ORDER

Christopher Skinner, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking declaratory, injunctive, and monetary relief, Skinner filed a complaint against the following Michigan Department of Corrections ("MDOC") officials employed at the Carson City Correctional Facility ("CCCF"): Warden Kurt Jones, Inspector K. Corr, Deputy Warden for Administration T. Fuqua, Data Processing Coordinator/Computer Technician Paul Cordes, Electronic/Maintenance Technician Chris Soules, Mail Room Supervisor D. Dutcher, Grievance Coordinator R. Devers, and Sergeant Hatt. In his first amended complaint, Skinner added CCCF Sergeant G. Bliss as a defendant. In his second amended complaint, Skinner added CCCF Deputy Warden T. Fitzer, and MDOC Deputy Director Dan Bolden as defendants. Relying upon the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, Skinner alleged that on November 1, 2000, the defendants confiscated various technical electronic and computer publications from his cell and subsequently rejected similar technical publications that had been mailed to him.

The defendants filed motions for summary judgment, to which Skinner responded. On March 22, 2002, the district court granted the defendants' motions in part. Specifically, the district court granted summary judgment in favor of Jones, Devers, Bliss, Fitzner, and Bolden as to all of the claims against them and granted summary judgment in favor of Dutcher, Hatt, Fuqua, Corr, Cordes, and Soules as to the Eighth Amendment, equal protection, retaliation, and due process claims against them. Skinner's motion for reconsideration was denied. Thereafter, Dutcher, Hatt, Fuqua, Corr, Cordes, and Soules filed a motion for summary judgment as to the remaining First Amendment claim against them, to which Skinner responded. On January 21, 2003, the district court granted the motion for summary judgment as to the remaining First Amendment claim against Dutcher, Hatt, Fuqua, Corr, Cordes, and Soules and dismissed the case. Skinner has filed a timely appeal.

Initially, we note that Skinner has waived appellate review of all of his claims against Bliss, Fitzner, and Bolden, as well as his Eighth Amendment cruel and unusual punishment and Fourteenth Amendment retaliation claims against all of the defendants because he does not challenge the district court's dismissal of such claims on appeal. *See Robinson v. Jones,* 142 F.3d 905, 906 (6th Cir.1998); *Buziashvili v. Inman,* 106 F.3d 709, 719 (6th Cir.1997).

We review the district court's grant of summary judgment de novo. *Lanier v. Bryant,* 332 F.3d 999, 1003 (6th Cir.2003). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Upon review, we conclude that the district court properly granted summary judgment in favor of the defendants for the reasons set forth in the district court's Opinion and Order filed on March 22, 2002, and Opinion and Judgment filed on January 21, 2003. Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.