### Dale Ernest MANTHEY, Plaintiff–Appellant,

v.

### Darin HUNTER, et al., Defendants– Appellees.

No. 03–1459.

United States Court of Appeals, Sixth Circuit.

Nov. 19, 2003.

Dale Ernest Manthey, Yankton, SC, for Plaintiff-Appellant.

Before: RYAN, MOORE, and ROGERS, Circuit Judges.

## ORDER

Dale Ernest Manthey, a federal prisoner proceeding pro se, appeals the district court order dismissing his civil rights action brought under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking compensatory and punitive damages, Manthey sued Darin Hunter, Joseph Gasper, James Retschke, Gretchen Voltz, Michael Aalto, and any and all other members of a multi-jurisdictional task force in Michigan. Manthey alleged that the defendants violated his rights under the Second, Fourth, Fifth, Eighth, and Fourteenth Amendments when they participated in a sting operation that led to Manthey's arrest and conviction of drug and weapons charges. He was acquitted of one firearms charge under 18 U.S.C. § 924(c). The district court granted Manthey in forma pauperis status, screened the complaint, and dismissed the complaint for failure to state a claim. The court held that Manthey's claims were barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and that the claims lacked merit in any event.

On appeal, Manthey argues that: (1) he based his claim on the charge he was found innocent of; and (2) his complaint did not fail to state a claim but only had insufficient facts, which could be clarified by amendment to the complaint.

This court reviews de novo a district court's decision to dismiss under 28 U.S.C. §§ 1915(e)(2) and 1915A. *Smith v. Campbell,* 250 F.3d 1032, 1036 (6th Cir.2001); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). In reviewing a dismissal of a complaint for failure to state a claim, this court must accept all well-pleaded factual allegations as true. *See Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir.1998). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

to relief." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993) (citation omitted).

Upon review, we conclude that the district court properly dismissed Manthey's complaint. Manthey alleged that the defendants used a confidential informant and an undercover agent to get him to participate in a crime. Manthey sold three shotguns to the undercover agent and bought four pounds of marijuana from him. He was charged with violating 18 U.S.C. §§ 922(c) and 924(c), as well as 21 U.S.C. § 841. According to Manthey, he was acquitted of the § 924(c) charge and is appealing his convictions of the other charges.

The district court properly held that *Heck* barred Manthey's claims. A prisoner does not state a cognizable claim under § 1983 if a ruling on his claim would necessarily imply the invalidity of his conviction and confinement, until the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by the appropriate tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–87; *Lanier v. Bryant*, 332 F.3d 999, 1005–06 (6th Cir.2003). In this case, Manthey attacked the methods used to procure his convictions and sought monetary damages. Because his claims imply that his convictions and confinement are invalid, and he has not had his convictions set aside, *Heck* bars Manthey's claims.

▮ Manthey's argument that he based his claims on the charge he was found innocent of is without merit. Manthey's complaint attacked both the drug and firearms aspects of his prosecution. Although he mentioned his acquittal of the § 924(c) charge, Manthey did not restrict his complaint to that aspect of the defendants' actions. Construing Manthey's pro se complaint liberally, it was an attack on his convictions and thus barred by *Heck*.

The district court also properly held that Manthey's claims lacked merit. The district court held that Manthey did not allege any behavior protected by the Second Amendment, failed to allege any facts showing he was subjected to an unreasonable search or seizure, received due process by virtue of his trial, and did not allege any facts showing a violation of the Eighth Amendment. Manthey made no attempt to link the constitutional provisions he cited to any factual allegations.

Finally, Manthey's argument that he should have been permitted to amend his complaint is without merit. The Prison Litigation Reform Act requires courts to screen and dismiss complaints "even before ... the individual has had an opportunity to amend the complaint." *McGore*, 114 F.3d at 608–09; *accord*, 28 U.S.C. § 1915(e)(2).

Accepting Manthey's factual allegations as true, he can prove no set of facts in support of his claims which would entitle him to relief. *See Lewis*, 135 F.3d at 405; *Mayer*, 988 F.2d at 638. For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.