**Jeffrey SANDERS, Plaintiff–Appellant,**

v.

**COUNTY OF WAYNE; Marianne G. Talon, Defendants–Appellees.**

No. 03–1551.

United States Court of Appeals, Sixth Circuit.

Dec. 9, 2003.

Jeffrey Sanders, pro se, Detroit, MI, for Plaintiff–Appellant.

Cheryl A. Yapo, Wayne County Corporation Counsel, Detroit, MI, for Defendant–Appellees.

Before MERRITT, DAUGHTREY, and GIBBONS, Circuit Judges.

### ORDER

Jeffrey Sanders, proceeding pro se, appeals a district court judgment dismissing

his civil action filed pursuant to 42 U.S.C. §§ 1985(2) and (3), and 28 U.S.C. § 2201. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On December 19, 2002, Sanders filed a complaint against Wayne County, Michigan, and Wayne County Assistant Corporation Counsel Marianne G. Talon. Sanders alleged that the defendants conspired to violate his civil rights in connection with his December 1, 2000, arrest for unlawful blood alcohol content, operating under the influence of liquor, and leaving the scene of a property damage accident; the December 11, 2000, termination of his employment with the Wayne County Parks Division; and the subsequent legal proceedings arising out of those events. Sanders also alleged claims of false arrest, improper post-arrest procedures, and Whistleblowers' Protection Act violations.

The defendants filed a motion for summary judgment, to which Sanders responded. A magistrate judge filed a report in which he recommended granting the defendants' motion. Over Sanders's objections, the district court accepted the magistrate judge's report and recommendation, granted the defendants' motion for summary judgment, and dismissed the case. Sanders has filed a timely appeal. The defendants request oral argument.

We review the district court's grant of summary judgment de novo. *Lanier v. Bryant*, 332 F.3d 999, 1003 (6th Cir.2003). Summary judgment is appropriate when the evidence presented shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (quoting Fed.R.Civ.P. 56(c)).

Res judicata, or claim preclusion, bars a subsequent action between the same parties or their privies based upon the same claims or causes of action that were or could have been raised in a prior action. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir.1995). Res judicata applies when there is "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane*, 71 F.3d at 560.

Previously, on February 28, 2001, Sanders filed an action in the Wayne County Circuit Court against "Wayne County Parks," alleging, inter alia, that the termination of his employment violated the Whistleblowers' Protection Act. On April 27, 2001, Sanders filed another case in the Wayne County Circuit Court against Charles Gliga, the police officer who arrested him, alleging, inter alia, false arrest and post-arrest violations of his constitutional rights. The circuit court subsequently granted summary disposition in favor of Wayne County and Gliga in both cases. Sanders's appeals from the circuit court decisions were unsuccessful. In addition, Sanders filed two unsuccessful motions for superintending control in his false arrest case, in which he alleged, among other claims, misconduct and collusion on the part of Gliga, Talon, and several circuit court judges.

Upon review, we conclude that the district court properly granted summary judgment in favor of the defendants because the complaint filed by Sanders in the instant action is barred by the doctrine of res judicata. First, the prior state court

actions and the instant action involve the same parties in that Sanders is the plaintiff and Wayne County and Talon are the defendants. Although Talon was not specifically identified as a defendant in the prior state court lawsuits, she is sufficiently in privity with Wayne County for purposes of res judicata. *See EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 463 (6th Cir.1999); *Mooney v. Central Motor Lines*, 222 F.2d 572, 573 (6th Cir. 1955). Second, Sanders's prior state court actions and the instant action are based upon the same facts and allege the same claims and causes of action. Third, the dismissal of Sanders's prior state court lawsuits on summary judgment grounds constitutes an adjudication on the merits for purposes of res judicata. *See Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990). Fourth, the instant action involves issues that were or could have been raised in the prior state court suits.

We find no error in the district court's denial of Sanders's motion for a default judgment, as the defendants' two-day filing delay of their motion for summary judgment is not so extreme as to warrant relief in the form of a default judgment. *See* Fed.R.Civ.P. 55(a).

Accordingly, the request for oral argument is denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.