**Leonard E. MARSH, Plaintiff–Appellant,**

v.

**William T. RICH; Geraldine Glass; Karen D. Cronan, Defendants–Appellees.**

No. 03–6023.

United States Court of Appeals, Sixth Circuit.

Feb. 4, 2004.

Leonard E. Marsh, Beattyville, KY, pro se.

Amy V. Barker, Brenn O. Combs, Office of General Counsel, Department of Corrections, Frankfort, KY, for Defendants–Appellees.

Before BATCHELDER, GIBBONS, and COOK, Circuit Judges.

*ORDER*

Leonard E. Marsh, a Kentucky prisoner proceeding pro se, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On November 30, 2000, Marsh filed a complaint against William T. Rich, a Kentucky Department of Corrections ("KDOC") probation and parole officer; Geraldine Glass, a KDOC records clerk; Karen Cronan, the KDOC head records clerk; Keith Hardison, an attorney for the KDOC; and the KDOC. Marsh alleged that on March 29, 1994, he pled guilty to certain unspecified crimes pursuant to a plea agreement, which provided that he would receive 847 days of jail time credit toward his ten-year sentence. On March 30, 1994, the trial court noted the conditions of the plea agreement in an amended judgment. However, Marsh alleged that on April 3, 1994, Rich prepared, and the trial court signed, a "Documentation Credit Time Custody Sheet," which indicated that Marsh was only entitled to 88 days of jail time credit.

On June 24, 1999, Marsh filed a petition for a writ of habeas corpus in state court. In his state habeas corpus action, Marsh alleged that he was entitled to 847, rather than 88, days of jail time credit. Hardison represented the KDOC defendants and, according to Marsh, Hardison "failed to properly instruct" Glass and Cronan that they were bound to honor the trial court's

amended judgment with respect to the amount of jail time credit to which he was entitled. The state trial court denied Marsh's habeas corpus petition on July 29, 1999, and the trial court's decision was affirmed by the Kentucky Court of Appeals. Nevertheless, on November 19, 1999, Marsh was permitted to withdraw his 1994 guilty plea, re-enter it, and be re-sentenced to serve eight years of imprisonment "with credit for all time already served." The trial court's judgment was entered on November 27, 1999. Marsh was released from prison on December 2, 1999, but is currently incarcerated pursuant to an unspecified conviction and sentence.

Relying upon the Fourth, Fifth, and Fourteenth Amendments, Marsh brought the instant § 1983 action, alleging that the defendants had falsely imprisoned him and violated his equal protection rights. Marsh also asserted several additional claims pursuant to Kentucky tort law and the Kentucky Constitution. Marsh sought monetary and declaratory relief.

Following an initial screening of the complaint pursuant to the provisions of 28 U.S.C. § 1915A(b)(1) & (2), the district court dismissed Marsh's § 1983 claims against all of the individual defendants in their official capacities, the KDOC, and Hardison, and dismissed Marsh's Fifth Amendment equal protection claim. The district court allowed Marsh's Fourth and Fourteenth Amendment claims for false imprisonment and his state tort and constitutional claims to proceed against Rich, Glass, and Cronan in their individual capacities.

The remaining defendants filed a motion for summary judgment and Marsh filed a motion for partial summary judgment. The district court granted the defendants' motion, denied Marsh's motion, and dismissed the case. Marsh's "Motion to Modify the Judgment Under [Fed.R.Civ.P.] 59, or 60(b)" was subsequently denied by the district court. Marsh has filed a timely appeal.

We review the district court's grant of summary judgment de novo. *Lanier v. Bryant,* 332 F.3d 999, 1003 (6th Cir.2003). Summary judgment is appropriate when the evidence presented shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (quoting Fed.R.Civ.P. 56(c)).

For all § 1983 actions, federal courts apply the state personal injury statute of limitations. *Wilson v. Garcia,* 471 U.S. 261, 280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The appropriate statute of limitations for personal injury actions arising in Kentucky is one year from the date the cause of action accrues. Ky.Rev.Stat. Ann. § 413.140(1)(a) (Matthew Bender & Company, Inc.2003); *Cox v. Treadway,* 75 F.3d 230, 240 (6th Cir.1996); *Collard v. Ky. Bd. of Nursing,* 896 F.2d 179, 182 (6th Cir.1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *McCune v. City of Grand Rapids,* 842 F.2d 903, 905 (6th Cir. 1988); *accord Collyer v. Darling,* 98 F.3d 211, 220 (6th Cir.1996).

Upon review, we conclude that the district court properly granted summary judgment in favor of the defendants because Marsh's complaint was time-barred. Marsh's claims against the defendants accrued no later than June 24, 1999, when he filed a habeas corpus petition in state court alleging, as he did in the instant § 1983 complaint, entitlement to 847 days of jail time credit. However, Marsh did not file the instant civil rights complaint until November 30, 2000, well beyond the one-year statute of limitations. Therefore, Marsh's claims against the defendants are clearly time-barred. *See Collard,* 896 F.2d at 182.

Marsh's arguments on appeal do not compel a different result.

Marsh has waived appellate review of the district court's dismissal of his § 1983 claims against all of the individual defendants in their official capacities, the KDOC, and Hardison, and the district court's dismissal of his Fifth Amendment equal protection claim because he does not challenge the dismissal of such claims on appeal. *See Buziashvili v. Inman,* 106 F.3d 709, 719 (6th Cir.1997); *Boyd v. Ford Motor Co.,* 948 F.2d 283, 284 (6th Cir. 1991).

Accordingly, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.