Tony BOWEN, Plaintiff–Appellant,

v.

Dave PHALEN, Fairfield County Sheriff; Defendant,

John D'Andrea, Deputy, Defendant–Appellee.

No. 03–3837.

United States Court of Appeals, Sixth Circuit.

March 17, 2004.

Tony Bowen, Carroll, OH, pro se.

Douglas J. Suter, Isaac, Brant, Ledman & Teetor, Columbus, OH, for Defendant–Appellee.

Before: NORRIS and COLE, Circuit Judges; and ECONOMUS, District Judge.*

## ORDER

Tony Bowen, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit.

Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief only, Bowen filed a complaint, through counsel, against Fairfield County, Ohio, Sheriff Dave Phalen and Deputy Fairfield County Sheriff John D'Andrea. Relying upon the Fourth Amendment, Bowen alleged that on October 14, 1999, D'Andrea came to his home, while on duty, in response to a domestic disturbance call. While talking with D'Andrea, Bowen mentioned "that he had been at an auto service business near his home, in order to have work done on his car earlier that day." Based upon the information volunteered by Bowen, D'Andrea arrested Bowen and charged him with criminal trespassing upon the automobile repair shop property. According to Bowen, D'Andrea lacked probable cause to arrest him and charge him with trespassing because he had visited the automobile repair shop that day as a customer, with the owner's permission. Bowen alleged that the trespassing charge "was subsequently dismissed by the prosecutor for lack of evidence." D'Andrea was sued in his individual and official capacities.

Bowen also alleged that Phalen failed "to adequately train, supervise, and discipline" his deputy sheriffs and "to ensure that deputy sheriffs respect the constitutional rights to [sic] citizens." Phalen was sued in his official capacity only.

The parties filed motions for summary judgment. The district court granted the defendants' motion, denied Bowen's motion, and dismissed the case. Bowen has filed a timely appeal. He is now proceeding pro se.

---

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

We review the district court's grant of summary judgment de novo. *Lanier v. Bryant*, 332 F.3d 999, 1003 (6th Cir.2003). Summary judgment is appropriate when the evidence presented shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (quoting Fed.R.Civ.P. 56(c)).

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Therefore, police officers must have probable cause in order to arrest an individual. *Klein v. Long*, 275 F.3d 544, 550 (6th Cir.2001). "Probable cause" denotes "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979).

Upon review, we conclude that the district court properly granted summary judgment in favor of the defendants because Bowen failed to present evidence on which a jury could reasonably find in his favor. Before arresting Bowen, D'Andrea knew that Bowen did not have the owner's permission to visit the automobile repair shop property from information provided to him by fellow deputy sheriffs and an entry contained in the Fairfield County Sheriff's Department computer system. When Bowen informed D'Andrea that he had been to the automobile repair shop property that day, D'Andrea contacted another deputy sheriff to confirm that Bowen did not have the automobile repair shop owner's permission to visit the property and that Bowen had been warned by other police officers to stay away from such property. Under these circumstances, D'Andrea had sufficient evidence to believe that Bowen may have committed the crime of trespass when he arrested Bowen. *See DeFillippo*, 443 U.S. at 37. Thus, Bowen's arrest was supported by probable cause.

Bowen has waived appellate review of the district court's dismissal of his claims against Phalen. *See Buziashvili v. Inman*, 106 F.3d 709, 719 (6th Cir.1997); *Boyd v. Ford Motor Co.*, 948 F.2d 283, 284 (6th Cir.1991).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.