**TRUSTEES OF DETROIT CARPENTERS HEALTH AND WELFARE FUND; Trustees of Carpenters' Annuity Fund–Detroit and Vicinity; Trustees of Carpenters' Pension Trust Fund–Detroit and Vicinity; Trustees of the Carpenters' Vacation Fund–Detroit and Vicinity; Michigan Regional Council of Carpenters Annuity Fund, Plaintiffs–Appellees,**

v.

**RIVER CITY CONSTRUCTION COMPANY, INCORPORATED, Defendant–Appellant.**

No. 02–1291.

United States Court of Appeals, Sixth Circuit.

May 18, 2004.

Lynn F. McGuire, Novara, Tesija & Michela, Southfield, MI, for Plaintiffs–Appellees.

Peter S. Shek, Saginaw, MI, for Defendant–Appellant.

Before SILER, BATCHELDER, and COOK, Circuit Judges.

COOK, Circuit Judge.

Appellees, trustees for various employee-benefits funds serving the carpentry industry (Funds), brought this action against River City Construction Company to recover delinquent employee-benefits contributions for work performed for River City by employees belonging to the Michigan Regional Council of Carpenters (Union). Appellant River City now challenges the district court's grant of summary judgment in favor of the Funds, arguing that the district court erred in failing to find (1) that River City's contributions should be based on the hours Union employees actually worked, rather than the hours for which they were paid, and (2) that Union officials' alleged breach of contract voided River City's obligation to contribute to the Funds. We affirm the district court's judgment.

I

The Funds and River City dispute the amount of fringe-benefit contributions River City owes the Funds under the terms of a collective bargaining agreement (CBA) between River City and the Union. The CBA requires River City to contribute to the Funds based on the number of hours Union employees work on River City work sites in areas within the CBA's jurisdiction. To resolve the dispute, the Funds, as third-party beneficiaries of the CBA, brought this suit to collect River City's unpaid contributions under §§ 502 and 515

of the Employee Retirement Income Security Act of 1974 (ERISA). 29 U.S.C. §§ 1132 and 1145; § 301 of the Labor Management Relations Act, 29 U.S.C. § 185; and federal common law.

After an audit of River City's books determined the number of hours for which River City paid Union employees for their work in the covered locations, the Funds moved for summary judgment. River City sought and was granted an extension of time to produce additional documents, but ultimately failed to present evidence demonstrating a genuine issue of material fact concerning its obligation to pay the fringe benefits. The district court therefore granted summary judgment in favor of the Funds, awarding them $83,370.04 in delinquent fringe-benefit contributions and $8,337.04 in liquidated damages.

## II

■ Reviewing de novo the district court's grant of summary judgment, we find that the district court properly ruled in the Funds' favor because "the pleadings. depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the [Funds are] entitled to a judgment as a matter of law." *Lanier v. Bryant,* 332 F.3d 999, 1003 (6th Cir.2003) (quoting FED. R. CIV. P. 56(c)).

River City's appeal seeks to invalidate the district court's assessment of the amount it owes the Funds, claiming that the amount should be calculated based on the number of hours Union employees actually worked, rather than the number of hours they were paid for working. As proof that an "hours worked" assessment differs from an "hours paid" calculation, River City offers the affidavit of Ronald Moore, the company's president, stating that River City paid Union employees for time when they did not perform any work. But this fact is material only if the terms of the CBA support River City's contention that the amount of its fringe-benefit contribution is a function of the number of hours the Union employees worked, rather than the number of hours River City paid them for working.

The CBA requires fringe-benefit contributions for "each hour worked" by Union employees. Interpreting the CBA de novo. *Maurer v. Joy Techs., Inc.,* 212 F.3d 907, 914 (6th Cir.2000), we must first determine if the phrase "each hour worked" is ambiguous. *United Rentals (North America), Inc. v. Keizer,* 355 F.3d 399, 406 (6th Cir.2004). Even if it is, we may still interpret the CBA on summary judgment if the evidence supports only one construction of the provision. *Id.* The existence of an ambiguity is a matter of law; once language is held to be ambiguous, however, the interpretation of such language is a factual issue turning on the parties' intent. *Parrett v. American Ship Bldg. Co.,* 990 F.2d 854, 858 (6th Cir.1993).

Even assuming the phrase "each hour worked" to be ambiguous, we discern no intent of the parties to the agreement to distinguish between unproductive and productive hours at the work sites, and River City suggests no reason in its brief. We therefore conclude that "each hour worked" includes those hours for which River City paid Union employees, including the hours River City views as nonworking hours. Accordingly, River City is "liable for contributions on all hours worked during a period in which it has been demonstrated that some covered work was performed." *Mich. Laborers' Health Care Fund v. Grimaldi Concrete, Inc.,* 30 F.3d 692, 697 (6th Cir.1994).

Furthermore, in the absence of evidence from River City demonstrating the

actual hours Union employees worked, the auditor's report is sufficient proof of the contributions owed to warrant summary judgment in these amounts. River City violated its duty to "maintain records with respect to each of [its] employees sufficient to determine the benefits due or which may become due to such employees." 29 U.S.C. § 1059(a)(1). Under ERISA, this failure to maintain proper records shifted the burden to River City to prove the number of hours of covered work. *Grimaldi Concrete, Inc.*, 30 F.3d at 696 (adopting Ninth Circuit's approach that "an employer's failure to maintain adequate records shifts the burden to the employer to prove that the work performed was covered or not covered"). "An employer [thus] cannot escape liability for his failure to pay his employees the wages and benefits due to them under the law by hiding behind his failure to keep records as statutorily required." *Id.* at 697. Similarly, the CBA also shifts the burden of proof to River City. providing that if River City's records are incomplete, "the auditor may estimate the amount of contributions due based on any available evidence, and the burden of proof shall shift to [River City]. to prove the actual amount of contributions owed to the Funds."

### III

■ River City next argues that a question of fact exists as to whether the CBA was even in effect during the period at issue, given that Union officials purportedly breached the CBA by entering River City work sites and disrupting work.

As third-party beneficiaries of the CBA between River City and the Union, the Funds typically would be subject to any contract defense (including breach of contract) that the promisor (here, River City) could assert against the promisee (the Un-

ion), if the promisee sued on the contract. *Lewis v. Benedict Coal Corp.*, 361 U.S. 459, 467—68, 80 S.Ct. 489, 4 L.Ed.2d 442 (1960). Courts, however, do not regard a CBA involving an employee-benefits trust fund as a typical third-party beneficiary contract. *Lewis*, 361 U.S. at 468. "Congress and the courts have restricted the availability of contract defenses in trust fund collection actions because millions of workers depend upon the employee benefit trust funds for their retirement security." *Carpenters Health & Welfare Trust Fund for Cal. v. Bla–Delco Constr., Inc.*, 8 F.3d 1365, 1369 (9th Cir.1993) (citation and internal quotation marks omitted). Accordingly, River City cannot raise the Union's alleged breach of the CBA as a defense to the Funds' suit for delinquent contributions unless River City expressly preserved the defense in "unequivocal words" in the CBA. *Lewis*, 361 U.S. at 470—71; *Central Pa. Teamsters Pension Fund v. McCormick Dray Line, Inc.*, 85 F.3d 1098, 1102 (3d Cir.1996); *Benson v. Brower's Moving & Storage, Inc.*, 907 F.2d 310, 313 (2d Cir.1990). Because we find no express preservation of the defense of breach of contract in the CBA. River City cannot escape its contribution obligations to the Funds by relying on the Union's purported breach of contract.

### IV

For the foregoing reasons, we affirm the district court's grant of summary judgment.