Vincent L. CARUSO, Plaintiff–Appellant,

v.

ALLTEL CORPORATION; Alltel Communications, Inc., Defendants–Appellees.

No. 03–4047.

United States Court of Appeals, Sixth Circuit.

Sept. 23, 2004.

Linda C. Ashar, Thomas J. Stefanik, Jr., Thomas J. Huemmer, Wickens, Herzer, Panza, Cook & Batista, Avon, OH, for Plaintiff–Appellant.

Daniel A. Ward, Michael N. Chesney, Frantz & Ward, Cleveland, OH, for Defendants–Appellees.

Before MERRITT, MOORE, and GILMAN, Circuit Judges.

### ORDER

Vincent L. Caruso, proceeding through counsel, appeals a district court judgment dismissing his employment discrimination action filed pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623. The parties have waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On May 8, 2001, Caruso filed a complaint against Alltel Corporation and its subsidiary, Alltel Communications, Incorporated. Caruso, who was born on May 29, 1940, alleged that he "was employed by Defendants for more than 31 years." Caruso alleged that on May 31, 2000, the defendants terminated his employment for the stated reason that his position had been eliminated. However, according to Caruso, his employment was terminated because of his age. Caruso filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on December 6, 2000. After receiving a right-to-sue letter from the EEOC on February 8, 2001, Caruso filed the instant action, seeking monetary relief.

The defendants filed a motion for summary judgment, to which Caruso responded. The district court granted the defendants' motion and dismissed the case. Caruso has filed a timely appeal.

We review the district court's grant of summary judgment de novo. *Lanier v. Bryant,* 332 F.3d 999, 1003 (6th Cir.2003). Summary judgment is appropriate when the evidence presented shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (quoting Fed.R.Civ.P. 56(c)).

A plaintiff alleging employment discrimination on the basis of age must file a timely charge of discrimination with the EEOC before bringing suit in federal court. 29 U.S.C. § 626(d); *Amini v. Oberlin Coll.,* 259 F.3d 493, 498 (6th Cir.2001). In a "deferral state" such as Ohio, the plaintiff's suit must be filed "within 300 days after the alleged unlawful practice occurred." 29 U.S.C. § 626(d); *see also Amini,* 259 F.3d at 498. The 300–day time period begins to run when the employee is notified of the alleged discriminatory act. *Amini,* 259 F.3d at 498–500. The 300–day time period is not jurisdictional but, "like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). However, "equitable tolling relief should be granted only sparingly." *Amini,* 259 F.3d at 500.

Upon review, we conclude that the district court properly granted summary judgment in favor of the defendants and dismissed Caruso's complaint. The record indicates that on September 27, 1999, Caruso was orally notified of his discharge and informed that his last day of employment would be March 31, 2000. At that time, Caruso requested an extension of his separation date in order to allow him to reach his sixtieth birthday and thereby receive enhanced retirement benefits. Caruso's request was apparently granted, as he was subsequently notified in writing on November 15, 1999, that his "position elimination will be effective May 31, 2000." On

May 18, 2000, Caruso received another letter which confirmed that his last day of employment would be May 31, 2000.

Caruso filed his charge of discrimination with the EEOC on December 6, 2000, so any allegedly discriminatory acts occurring before February 9, 2000, are time-barred. The record indicates that Caruso was notified of the elimination of his position and the termination of his employment on both September 27, 1999, and November 15, 1999. Thus, Caruso's age discrimination claim was untimely because it was filed more than 300 days after the alleged discriminatory act. *See Amini*, 259 F.3d at 498–500. The arguments presented by Caruso in his appellate brief do not compel a different result. Because Caruso's complaint is time-barred, we need not reach the merits of his ADEA claim.

Accordingly, we affirm the district court's judgment.