NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0358n.06

No. 11-1501

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Apr 04, 2012*

LEONARD GREEN, Clerk

ANDRE LEE COLEMAN,            )
                             )
        Plaintiff-Appellant,  )
                             )
v.                           )        ON APPEAL FROM THE UNITED
                             )        STATES DISTRICT COURT FOR
BERTINA BOWERMAN, Prison Guard - )    THE WESTERN DISTRICT OF
Alger Max - sued in her individual and official )   MICHIGAN
capacities,                  )
                             )
        Defendant-Appellee.   )


Before: KEITH, MARTIN, and GIBBONS, Circuit Judges.


PER CURIAM. Andre Lee Coleman, a pro se Michigan prisoner, appeals a district court judgment granting summary judgment for the defendant.

Seeking monetary relief and a transfer to another prison facility, Coleman sued Bertina Bowerman, a prison guard employed at the Alger Maximum Correctional Facility. Coleman alleged that Bowerman: 1) discriminated against him; 2) retaliated against him; 3) opened his legal mail outside of his presence; and 4) confiscated the contents of his legal mail. Coleman stated that, in late July and early August 2007, he filed five grievances challenging his allegedly inadequate treatment. On August 3, 2007, Coleman had a grievance interview with nurse Thompson. Shortly after the interview, Bowerman made hostile remarks towards Coleman; opened his legal mail outside of his presence; and confiscated the contents of his mail. She also allegedly wrote a misconduct ticket against him for sexual misconduct. Coleman filed grievances against Bowerman challenging the alleged improper conduct. On August 11, 2007, Coleman had a grievance interview, which

Bowerman attended. During the interview, Bowerman allegedly confronted Coleman in a hostile manner. Following the interview, Bowerman searched Coleman's cell, confiscated his legal footlocker, and filed misconduct charges against him.

Bowerman filed a motion to dismiss or for summary judgment. The district court granted Bowerman's motion as to Coleman's discrimination and retaliation claims; denied the motion as to Coleman's legal mail claim; and denied Coleman's request for injunctive relief as moot because he has been transferred to a different prison facility.

Subsequently, Coleman filed a motion for the production of various documents and a motion for the appointment of counsel. A magistrate judge issued an order denying Coleman's request for the production of documents, noting that Coleman filed the motion before submitting the request to Bowerman, and that Bowerman responded that she did not have possession of the requested documents.

After taking Coleman's deposition, Bowerman filed a second motion to dismiss or for summary judgment. The district court granted summary judgment to Bowerman, concluding that Coleman provided nothing more than speculation that Bowerman had opened his legal mail. The district court also denied Coleman's motion for the appointment of counsel.

On appeal, Coleman argues that Bowerman was not entitled to summary judgment on his equal protection, retaliation, and legal mail claims. Coleman also argues that the district court improperly denied his requests for injunctive relief and for the appointment of counsel. Finally, he asserts that the district court improperly granted summary judgment to Bowerman before permitting him an opportunity to engage in limited discovery.

The district court's judgment is reviewed de novo. *Schreiber v. Moe*, 596 F.3d 323, 329 (6th Cir. 2010). Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative

evidence in support of the complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

The district court did not err in granting summary judgment on Coleman's equal protection claim. The Equal Protection Clause "'protects against arbitrary classifications, and requires that similarly situated persons be treated equally.'" *Jackson v. Jamrog*, 411 F.3d 615, 618 (6th Cir. 2005) (quoting *Richland Bookmart, Inc. v. Nichols*, 278 F.3d 570, 574 (6th Cir. 2002)). "Nevertheless, '[t]o withstand Fourteenth Amendment scrutiny, [actions] that do not interfere with fundamental rights or single out suspect classifications must bear only a rational relationship to a legitimate state interest.'" *Id.* (citation omitted).

The district court did not employ an improper standard when it concluded that Coleman had failed to show that Bowerman treated him differently than similarly-situated inmates. Coleman did not present any evidence that Bowerman treated him differently than other inmates who exercised their rights under the prison grievance system.

The district court did not err in granting summary judgment to Bowerman on Coleman's retaliation claim. A plaintiff asserting a claim of retaliation must show that he engaged in protected conduct; that an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and that the adverse action was motivated at least in part by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Once the plaintiff has made a prima facie showing of retaliation, "the burden of production shifts to the defendant." *Id.* at 399. "If the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment." *Id.*

Coleman argues that he presented sufficient evidence to survive summary judgment because the record reflects that Bowerman subjected him to various adverse actions within a close temporal proximity of his grievance interviews and his filing of several grievances against Bowerman. In theory, temporal proximity between the protected conduct and the adverse action, standing alone, may be significant enough to create an inference of retaliatory motive. *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004). However, when other evidence of retaliatory motive is lacking,

we have been reluctant to hold that temporal proximity is sufficient to establish causation. *See Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001).

The record reflects that Coleman is a prolific grievance filer and that he submitted approximately twenty-five grievances between July and August of 2007. Moreover, the prison complied with prison policy by holding grievance interviews in connection with these filings. Coleman argues that he presented evidence raising an inference of retaliatory motive because Bowerman's alleged improper conduct occurred in close proximity to either the filing of his grievances or the related grievance interviews. However, temporal proximity alone is insufficient to show a causal connection in this case because Coleman has presented no other proof of retaliatory motive. This is especially true in light of Coleman's grievance history, because any attempt at enforcing prison regulations would likely be in "close temporal proximity" to one of Coleman's many grievances or grievance interviews. Here, the majority of the alleged retaliatory conduct was based on Bowerman charging Coleman with violating prison rules. Such conduct, if it occurred, does not support a claim of retaliation. *See Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008).

Bowerman was entitled to summary judgment on Coleman's legal mail claim. The First Amendment protects prisoners' rights to receive mail. *Pell v. Procunier*, 417 U.S. 817, 822 (1974); *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992). Prison officials may not censor clearly-marked legal mail. *Wolff v. McDonnell*, 418 U.S. 539, 574-77 (1974). Prisoners also have the right to have legal mail opened in their presence, if they so request. *See Lavado v. Keohane*, 992 F.2d 601, 607-09 (6th Cir. 1993).

Bowerman averred that she did not open Coleman's legal mail or remove its contents. In addition, Bowerman submitted Coleman's deposition testimony, during which he conceded that he did not know for a fact that Bowerman had removed the contents of his legal mail and he acknowledged that it could have been opened by someone other than Bowerman. In light of this evidence, the district court properly concluded that Coleman failed to meet his burden of responding to Bowerman's motion for summary judgment with evidence indicating that he had personal knowledge that Bowerman opened his legal mail and removed the contents.

The district court did not abuse its discretion in denying Coleman's motion for the production of documents prior to granting summary judgment for Bowerman. *See Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 627 (6th Cir. 2002). Although Coleman requested numerous documents, Bowerman responded that she did not have the requested documents.

Coleman was not entitled to appointed counsel. *See Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). The appointment of counsel in a civil case is justified only in exceptional circumstances. *Id.* This is not such an exceptional case.

Finally, the district court did not err when it denied Coleman's request for injunctive relief because the request became moot upon his transfer to a different facility.

We affirm the district court's judgment.