**James TRIPLETT, Plaintiff–Appellant,**

v.

**John A. CONNOR, Defendant–Appellee.**

No. 03–4013.

United States Court of Appeals,
Sixth Circuit.

Sept. 3, 2004.

James Triplett, Columbus, OH, pro se.

Linda L. Woeber, Montgomery, Rennie & Jonson, Cincinnati, OH, for Defendant–Appellee.

Before KEITH, MARTIN, and ROGERS, Circuit Judges.

KEITH, Judge.

Plaintiff–Appellant James Triplett ("Triplett"), a *pro se* Ohio resident, appeals the district court grant of summary judgment for Defendant–Appellee Judge John A. Connor ("Judge Connor"), of the Franklin County Court of Common Pleas, in this civil rights action filed under 42 U.S.C. § 1983. For the reasons that follow, we affirm the decision of the district court.

## I. BACKGROUND

### Procedural

Triplett filed his complaint in the district court alleging that Judge Connor physical-

ly assaulted him during a civil jury trial to which Triplett was a party. Triplett named as defendants Judge Connor, the County of Franklin (the "County"), and two unknown court officers. Triplett sought declaratory and injunctive relief and compensatory and punitive damages. The district court granted a motion to dismiss the complaint with respect to the County pursuant to Fed.R.Civ.P. 12(b)(6), and also dismissed the complaint as to the two unknown and unserved court officers.

Judge Connor moved the district court for summary judgment, and Triplett responded. After Judge Connor filed a reply, the district court granted Judge Connor's motion. Triplett filed a Fed.R.Civ.P. 59(e) motion to alter or amend the judgment, which the district court denied. Triplett filed a timely notice of appeal. On appeal, Triplett contends that the district court: (1) incorrectly concluded that defendant is entitled to immunity for the alleged acts; and (2) improperly denied him discovery.[1]

### Factual

The pertinent facts were detailed at length by the district court and need not be reiterated. It is undisputed that the defendant judge knocked a tape recorder from Tucker's hand during a sidebar conference in the course of a housing discrimination trial in which Triplett was a party defendant represented by counsel. Subsequently, Judge Connor admits that he put his hand on Triplett's arm in an effort to remove him from a side room where a conference had been called. As noted by the district court, Triplett executed an affidavit in support of a request to the Ohio Supreme Court to disqualify Judge Connor

from the state housing discrimination case. In the affidavit, Triplett averred that Judge Connor "knocked the tape recorder out of my hand, causing it to fall onto the ground and break." Further, Triplett asserted that he subsequently "attempted to enter the room as all [the others were] and Judge Connor lifted up his arm and made contact with me in my shoulder and neck area prohibiting me from entering the room." This affidavit stands in contrast to an affidavit Triplett submitted in opposition to Judge Connor's motion for summary judgment, in which Triplett averred that Judge Connor initially struck him with "a vicious swing," and later "with violent force slammed his hand on plaintiff's neck and shoulders" with intent to do injury, and "viciously shoved plaintiff into the courtroom."

## II. DISCUSSION

### A. Standard of Review

We review a district court's grant of summary judgment de novo, using the same standard under Federal Rule of Civil Procedure 56(c) used by the district court. *Williams v. Mehra,* 186 F.3d 685, 689 (6th Cir.1999) (en banc). We consider the record as it stood before the district court at the time of its ruling. *Niecko v. Emro Mktg. Co.,* 973 F.2d 1296, 1303 (6th Cir. 1992). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). We view the evidence, all facts, and any inferences that may be drawn from the facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Ra-*

---

1. In his reply brief, Triplett addresses extraneous materials regarding Connor's alleged alcoholism.

*dio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

### B. Absolute Immunity

Judges, generally, have absolute immunity from suit for money damages for acts undertaken in their judicial capacity. *Mireles v. Waco,* 502 U.S. 9, 12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Stump v. Sparkman,* 435 U.S. 349, 355–56, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). This immunity, however, dissolves in two circumstances: (1) if the judge has acted in a non-judicial capacity; or (2) if the judge has performed judicial acts in the complete absence of all jurisdiction. *Mireles,* 502 U.S. at 11–12, 112 S.Ct. 286. Only the first exception is at issue in the present case.[2]

■ In determining whether an act is judicial we examine "the 'nature' and 'function' of the act, not the 'act' itself." *Johnson v. Turner,* 125 F.3d 324, 333–34 (6th Cir.1997) (citations omitted). "[E]ven if a particular act is not a function normally performed by a judge, we are directed to 'look to the particular act's relation to a general function normally performed by a judge.'" *Barnes v. Winchell,* 105 F.3d 1111, 1116 (6th Cir.1997) (citations omitted). In this case, the district court determined that because Judge Connor, a judicial officer, acted "to maintain order in the courtroom" his acts were "judicial acts," shielded by absolute immunity. District Court Opinion at 13. We agree.

Even though Judge Connor may have been better advised to enlist the aid of a

deputy, it has been long-established that it is a judge's "obligation ... to 'protect the sanctity and dignity of ... courtroom proceedings....'" *Gregory v. Thompson,* 500 F.2d 59, 64 (9th Cir.1974) (citing *Mullins v. Oakley,* 437 F.2d 1217, 1218 (4th Cir. 1971)). That this "obligation" is enacted directly, as opposed to indirectly, does not alter the "nature and function of the act." Accordingly, Judge Connor's acts do not fall within the "non-judicial acts" exception.

### C. Additional Claims

■ To the extent that Triplett sought equitable relief, his claims are not barred by the doctrine of judicial immunity. *Pulliam v. Allen,* 466 U.S. 522, 541–42, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984). Triplett, however, has abandoned this claim, and other claims as well, because he did not address them in his brief on appeal. *Robinson v. Jones,* 142 F.3d 905, 906 (6th Cir.1998).[3]

■ The district court also did not err in concluding that the state is entitled to Eleventh Amendment immunity to the extent that Triplett sued Judge Connor in his official capacity. *Mumford v. Basinski,* 105 F.3d 264, 268–70 (6th Cir.1997).[4]

Finally, Triplett claims on appeal that the district court abused its discretion by not affording him an adequate opportunity to conduct discovery. We review a district court's decisions concerning discovery matters for abuse of discretion. *Lanier v.*

---

2. Even if Triplett had asserted that the jurisdictional exception applied, upon a careful review of the record, we find that none of the actions taken by judge were taken in the "clear absence of all jurisdiction." *See Johnson,* 125 F.3d at 34 ("A judge acts in the clear absence of all jurisdiction only when the matter upon which he acts is clearly outside the subject matter of the court over which he presides.").

3. It is noted that, even if Triplett's claim for equitable relief were before us on appeal, Triplett did not adequately allege a claim for equitable relief.

4. As recently explained in *S.J. v. Hamilton County,* 374 F.3d 416, 421 (6th Cir.2004), we have expressed—in *Alkire v. Irving,* 330 F.3d 802 (6th Cir.2003)—some doubt about the continued validity of *Mumford's* reasoning in this respect. We have not, however, decided

*Bryant,* 332 F.3d 999, 1006 (6th Cir.2003). To overcome summary judgment, a plaintiff must make more than vague assertions that additional discovery is warranted in their case. *Id.* Rather, they "must be able to show that [they] could have obtained information through discovery that would disclose material facts." *Id.* After carefully examining Triplett's Brief, this court is convinced that he has failed to make such a showing. Accordingly, Triplett's remaining claim lacks merit.

### III. CONCLUSION

Based on the foregoing, the decision of United States District Court Judge George C. Smith is AFFIRMED.

that *Mumford* was incorrect. See *S.J.* at 421. Plaintiff in this case has not properly briefed the question of whether Judge Connor in his official capacity is an arm of the state for purposes of 11th Amendment immunity, and we decline to overrule *Mumford* in the absence of such briefing. *See General Star Nat. Ins. Co. v. Administratia Asigurarilor de Stat,* 289 F.3d, 434, 441 (6th Cir.2002) (conclusory arguments are waived on appeal).