**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 04a0056n.06**
**Filed: October 28, 2004**

**No. 03-6133**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| PHILIP D. OVERSTREET, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ON APPEAL FROM THE UNITED** |
| LEXINGTON-FAYETTE URBAN | ) | **STATES DISTRICT COURT FOR THE** |
| COUNTY GOVERNMENT, | ) | **EASTERN DISTRICT OF KENTUCKY** |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

Before: MARTIN, COLE, and GIBBONS, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** Plaintiff-appellant Philip D. Overstreet filed an action in the United States District Court for the Eastern District of Kentucky against his employer, the Lexington-Fayette Urban County Government ("LFUCG"), on behalf of himself and all former, current and future officers and employees in various Divisions, asserting that the LFUCG's real property disclosure policy violated his Third, Fourth, Fifth, Ninth and Fourteenth Amendment rights by (1) violating his due process rights, (2) violating his Fourth Amendment rights, (3) violating his right to privacy, (4) violating his equal protection rights and (5) being unconstitutionally vague. Overstreet also brought claims under the corresponding provisions of the Kentucky Constitution. Plaintiff sought a declaratory judgment, injunctive relief, and damages. On

December 17, 2000, the district court denied Overstreet's request for a temporary injunction. This court affirmed the ruling of the district court.

Following the court's denial of an injunction, LFUCG filed a motion to dismiss with the district court. The district court construed LFUCG's motion to dismiss as a motion for summary judgment and entered judgment for LFUCG on May 27, 2003, from which Overstreet now appeals. For the following reasons, we affirm the district court's grant of summary judgment in favor of LFUCG.

**I.**

On October 16, 2000, the LFUCG announced a new policy requiring that certain employees disclose their own, as well as their family's, real property and business interests in Fayette County, Kentucky. The stated purpose of the policy was to address concerns over a perceived conflict between private interests and public duties of officers and employees of the LFUCG and to promote "confidence in the integrity of the government."

Overstreet was an employee of LFUCG in the Division of Engineering at the time this policy was promulgated. Overstreet received the disclosure form and was instructed to complete it by November 1, 2000. Overstreet returned the form by the requested date, filling out only his name, division, and employee number, and attaching a notarized statement to the otherwise blank form which stated that the information was a matter of public record and could be so obtained if desired. In response, LFUCG disciplined Overstreet in the form of a written reprimand and instructed him

to complete the form.  Overstreet failed to do so and was thus disciplined in the form of suspension without pay for seven days.[1]

On November 29, 2000, Overstreet filed a complaint in the Eastern District of Kentucky asserting on his own behalf and on behalf of all former, current and future officers and employees that the policy violated his Third, Fourth, Fifth, Ninth, and Fourteenth Amendment rights under the United States Constitution as well as the equivalent provisions of the Kentucky Constitution. Overstreet alleged that the policy violated his right to privacy, his right to be free from unreasonable searches and seizures, his equal protection rights, and his due process rights. Overstreet also asserted that the policy was impermissibly vague.  Overstreet sought a declaratory judgment, an injunction, and damages as well as attorneys' fees and costs.

Overstreet filed a motion for a temporary injunction on November 29, 2000.  The district court conducted a hearing on Overstreet's motion on November 30, 2000, and entered an order denying Overstreet's motion on December 1, 2000.  Overstreet filed a Notice of Appeal from that decision and also filed a Motion for Temporary Injunction Pending Appeal in the district court and the Sixth Circuit.  The district court denied Overstreet's request for an injunction once more, while the Sixth Circuit granted Overstreet's motion in part and enjoined LFUCG from initiating administrative charges for Overstreet's dismissal pending the appeal.  On September 30, 2002, the

---

[1]Overstreet appealed LFUCG's decision to discipline him to the LFUCG Civil Service Commission ("Commission"), which upheld the disciplinary action.  Overstreet appealed this finding to the Fayette Circuit Court, and LFUCG removed the case to federal district court in a separate action.  The district court issued an opinion in that case finding the Commission's decision to be arbitrary and finding that the Commission's actions during the pendency of the district court's review of its decision had violated Overstreet's procedural due process rights.  In an opinion filed simultaneously with this opinion, we vacated the district court's opinion and remanded the case to the district court with directions to remand it to state court. *See Lexington-Fayette Urban County Gov't Civil Serv. Comm'n v. Overstreet* , 03-5851.

Sixth Circuit affirmed the district court's denial of the injunction. *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 580 (6th Cir. 2002).

Following the resolution of the injunction issue, LCUFG filed a motion to dismiss on February 7, 2003. Overstreet filed a response on February 25, 2003, and on April 21, 2003, filed a motion for partial summary judgment, on the ground that the district court's determination in the companion case that Overstreet's procedural due process rights had been violated should be treated as res judicata in the instant case.[2]

The district court construed LFUCG's motion to dismiss as a motion for summary judgment and granted the motion on May 27, 2003. The court stated, after quoting language from the Sixth Circuit opinion deciding the injunction issue, that Overstreet had waived all of his claims, save for the privacy and Fourth Amendment claims, because he did not argue the other claims before the Sixth Circuit. In a footnote, the district court rejected Overstreet's attempt to assert a procedural due process challenge in his motion for partial summary judgment based on the court's finding of a procedural due process violation in the companion case. The district court stated that the determination in the companion case was not entitled to preclusive effect in the present case. The district court proceeded to resolve the privacy and Fourth Amendment claims against Overstreet on the merits.

Overstreet then filed a motion to alter, amend or vacate, on the grounds that (1) the district court's ruling that Overstreet had waived his claims not raised before the Sixth Circuit was

---

[2] Although Overstreet refers to res judicata in his brief, the theory he is asserting is actually issue preclusion. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984).

erroneous, and (2) Overstreet was denied the opportunity to conduct discovery. The district court denied this motion on August 13, 2003. In denying this motion, the district court stated that Overstreet "was not required to assert every theory, or argument in the complaint at the preliminary injunction stage or during the appeal of this Court's denial of injunctive relief," but rather was "required to present evidence or at least arguments pertaining to every cause of action in the complaint or risk waiving that cause of action." On August 29, 2003, Overstreet filed a notice appealing (1) the district court's order dated December 1, 2000 denying temporary injunctive relief;[3] (2) the district court's order dated May 27, 2003 granting summary judgment in favor of LFUCG; and (3) the district court order dated August 13, 2003 denying Overstreet's motion to alter, vacate or amend its earlier order.

## II.

This court reviews a district court's order granting summary judgment *de novo*. *Nguyen v. City of Cleveland*, 229 F.3d 559, 562 (6th Cir. 2000). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

This court reviews the district court's decisions regarding discovery matters for an abuse of discretion. *Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 580 (6th Cir. 2004).

---

[3]Although Overstreet names the denial of injunctive relief as one of the grounds upon which he is appealing in his Notice of Appeal, he fails to present any argument in his brief as to why the denial of an injunction should be reversed. In any event, he has already appealed this decision, and the Sixth Circuit upheld the denial of injunctive relief in *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566 (6th Cir. 2002). Overstreet is not entitled to relitigate the issue in an additional appeal. *See Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003). Therefore, we do not address this issue in our opinion.

**A.**

Overstreet first contends that the district court erred in finding that he had waived his claims not raised before the Sixth Circuit in the request for injunctive relief–namely, his substantive due process, equal protection, and unconstitutional vagueness claims–in the current action. We are in agreement with this contention.

In its May 27, 2003 order, the district court quoted the following language from the Sixth Circuit:

> Although Mr. Overstreet's Complaint asserted that the Policy violates as many as five provisions of the Constitution, on appeal, he argues only that the Policy constitutes an invasion of his privacy and an unreasonable search under the Fourth Amendment to the Constitution.

*Overstreet*, 305 F.3d at 573. Based on this language, the district court proceeded to hold that "the plaintiff has waived all arguments in the complaint, except for the privacy and Fourth Amendment claims argued before the Sixth Circuit." The remainder of the district court opinion analyzed and rejected Overstreet's privacy and Fourth Amendment claims on the merits.[4]

The district court erred in holding that Overstreet's failure to present his remaining claims before the Sixth Circuit resulted in a waiver of those claims before the district court. An appeal of a district court's denial of an injunction is a limited interlocutory appeal, governed by 28 U.S.C. § 1292(a)(1). A decision not to appeal certain issues denied at the preliminary injunction stage in no way diminishes an individual's right to pursue those issues in the district court. *Cf. F.W. Kerr*

---

[4]Although Overstreet did not present any arguments on his privacy and Fourth Amendment claims in his brief or motion to the district court, the district court reviewed and rejected those claims on the merits. Overstreet appealed from the entire May 27, 2003 judgment in his notice of appeal. However, he does not contest or challenge the district court's privacy and Fourth Amendment rulings in his brief. These claims are therefore waived. *See United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996).

*Chem. Co. v. Crandall Assoc., Inc.*, 815 F.2d 426, 428 (6th Cir. 1987) (noting that failure to appeal an issue as of right from an order concerning a preliminary injunction does not waive the issue in an appeal from final judgment). Because the appeal to the Sixth Circuit was from the district court's decision to deny a preliminary injunction, rather than an appeal from the final judgment, Overstreet's failure to raise all of his claims before this court did not serve to waive any of his claims. This court's purpose at that point in the litigation was to determine whether the district court's order regarding the injunction constituted an abuse of discretion, *Overstreet*, 305 F.3d at 573; such a review had no bearing on the merits of the case. *See Weaver v. Univ. of Cincinnati*, 970 F.2d 1523, 1538 (6th Cir. 1992) (holding that a court hearing an interlocutory appeal from a denial of injunctive relief does not review the merits of the claim); *Duplex Printing-Press Co. v. Campbell Printing-Press & Mfg. Co*, 69 F. 250, 252 (1895) (holding that a district court determining whether to grant a preliminary injunction cannot "finally . . . determine all the questions between the parties to the action, because it is not within the proper province of this court to do so on an appeal from an order granting a preliminary injunction."). To the extent that the district court's ruling granting summary judgment in LFUCG's favor on Overstreet's claims rested on the notion that he had waived the claims by not raising them on the interlocutory appeal, that reasoning was erroneous.

**B.**

Notwithstanding the above error in the district court's reasoning, we hold that the district court was correct in granting summary judgment on Overstreet's substantive due process, equal protection, and unconstitutional vagueness claims, as Overstreet failed to present any genuine issue of material fact on these remaining claims. The district court correctly stated in its August 13, 2003

order that Overstreet "was not required to assert every theory, or argument in the complaint at the preliminary injunction stage or during the appeal of this Court's denial of injunctive relief," but rather was "required to present evidence or at least arguments pertaining to every cause of action in the complaint." Because Overstreet failed to do so, LFUCG was entitled to a judgment as a matter of law pursuant to Federal Rule of Civil Procedure 56(c).

Rule 56(c) states that summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The court must determine in a motion for summary judgment "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party shows an absence of evidence to support the non-moving party's claim, the burden shifts to the non-moving party to show that there is more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party may not rely on mere allegations and assertions in his pleadings, but rather must present specific facts that show that there is some material issue warranting a trial. *Nichols v. Moore*, 2004 WL 2039356, at *3 (E.D. Mich. Sept. 3, 2004). If the non-moving party cannot meet this burden, summary judgment is appropriate.

In this case, Overstreet failed to present his substantive due process, equal protection, and unconstitutional vagueness claims in a manner sufficient to survive summary judgment. Overstreet's memorandum in opposition to LFUCG's motion to dismiss is devoid of any ground upon which to find summary judgment inappropriate on these claims. Despite a thorough recitation of the facts of the case, Overstreet fails to present even a single piece of evidence, legal authority, or valid argument in support of the allegations in his complaint that his substantive due process or equal protection rights were violated or that the policy was unconstitutionally vague. Rather, the motion in opposition argues only that the district court should hear Overstreet's claims on the merits because the Sixth Circuit did not rule upon the issues presented.

In fact, Overstreet's motion, like his complaint, does barely more than make oblique references to the constitutional violations of which he complains. Overstreet states that he "intend[s] to demonstrate, through the course of discovery, that the actions taken by the LFUCG were inappropriate, that the policies and procedures were improperly implemented, unconstitutionally enforced, erroneously applied, and that [he] was improperly singled out for unfair and inequitable treatment, all as set forth in the original Complaint." However, Overstreet fails to specify precisely what discovery would have revealed that would enable him to "demonstrate" the causes of action "set forth in the original Complaint" in the future. Because Overstreet failed to present even mere arguments in support of his claims, we find that summary judgment was appropriate on Overstreet's substantive due process, equal protection, and unconstitutional vagueness claims.

**C.**

On appeal, Overstreet also asserts that the district court erred in failing to grant his motion for partial summary judgment. In that motion, Overstreet asserted that the district court's determination in the companion case that Overstreet's procedural due process rights had been violated due to the Commission's failure to produce an accurate transcript of the Commission hearing should have been given preclusive effect in this case. We find that the district court did not err in denying Overstreet's motion.

Overstreet argues that the doctrine of issue preclusion should operate in this case to entitle him to judgment as a matter of law on his due process claim. The four elements of issue preclusion are: (1) the issue precluded must be the same issue involved in a prior proceeding; (2) the issue must actually have been litigated in the prior proceeding; (3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; and (4) the prior forum must have provided the party against whom estoppel is asserted a full and fair opportunity to litigate the issue. *Cent. Transp., Inc. v. Four Phase Sys., Inc.*, 936 F.2d 256, 259 (6th Cir. 1991); *NLRB v. Master Slack and/or Master Trousers Corp.*, 773 F.2d 77, 81 (6th Cir. 1985).

The doctrine of issue preclusion is not appropriate on these facts. Overstreet cannot satisfy the first element required for issue preclusion, and therefore, his claim must fail. The district court specifically held in the companion case that the Commission's failure to produce an accurate transcript of the Commission hearing reviewing the disciplinary action taken against Overstreet deprived him of meaningful post-deprivation review, and therefore violated his procedural due process rights. By contrast, at issue in the current case is the constitutionality of LFUCG's real

property disclosure form itself.  The court's finding that Overstreet's procedural due process rights had been violated in the specific context of the district court's review of the Commission's hearing has no bearing on the constitutionality of LFUCG's policy.  Because these are two separate and distinct issues, issue preclusion is not appropriate in this case.

**D.**

Finally, Overstreet claims that the district court abused its discretion in failing to grant his motion to alter, vacate, or amend its order on the ground that he was denied an opportunity to conduct discovery, such that he was unable to properly defend his claims against the summary judgment motion.  We hold that the district court did not abuse its discretion.

In order to survive a summary judgment motion, it was incumbent upon Overstreet to do more than make vague allegations or conclusory statements regarding the need for discovery.  *See Triplett v. Connor*, 2004 WL 1987146, at *2 (6th Cir. Sept. 3, 2004); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) ("Nebulous assertions that more discovery time would have produced evidence to defeat summary judgment will be unavailing.").  Rather, Overstreet had the burden of showing that he could have obtained information through discovery that would have disclosed facts material to his case.  *See Sierra Club v. Slater*, 120 F.3d 623, 638 (6th Cir. 1997); *Chilingirian v. Boris*, 882 F.2d 200, 203 (6th Cir. 1989).

Overstreet has failed to meet this burden.  Overstreet failed to concretely state what relevant information additional discovery time might possibly uncover that would aid this court in disposing of the case, as required by Sixth Circuit case law.  Overstreet has not reached beyond "[n]ebulous

assertions", *Lanier*, 332 F.3d at 1006, and therefore, has not successfully met his burden in challenging the district court's determination on the issue of adequate discovery time.

## III.

For the foregoing reasons, we affirm the district court's grant of summary judgment to LFUCG.