**Stevin CAMP, Plaintiff–Appellant,**

v.

**UNITED STATES PIPE & FOUNDRY COMPANY, Defendant–Appellee.**

No. 02–6261.

United States Court of Appeals, Sixth Circuit.

Nov. 3, 2003.

Stevin Camp, pro se, Trenton, GA, for Plaintiff–Appellant.

William H. Pickering, Chambliss, Bahner & Stophel, Chattanooga, TN, for Defendant–Appellee.

Before: BATCHELDER and COLE, Circuit Judges; and HOOD, District Judge.*

### ORDER

Stevin Camp, proceeding pro se, appeals a district court order dismissing his employment discrimination action filed pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–213. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On June 27, 2001, Camp, through counsel, filed a complaint against United States Pipe & Foundry Company ("U.S.Pipe"), his former employer. Camp alleged that he was employed by U.S. Pipe as a "hand grinder" for many years. Camp alleged that he "suffers from a disability, to wit: nerve damage to his arm," and, as a result of his arm condition, he eventually "could not perform the essential functions of the hand grinder position." Camp alleged that he sought "a reasonable accommodation in the form of reassignment to vacant positions in which [he] could perform the essential functions of the job," but U.S. Pipe refused to consider or provide a reasonable accommodation despite the availability of other positions. Camp subsequently filed a charge of discrimination with the Equal Employment Opportunity Commission and alleged that when U.S. Pipe received notice of such charge, his employment was terminated in retaliation for his filing of the charge. Camp sought monetary, equitable, and injunctive relief.

U.S. Pipe filed a motion for summary judgment, to which Camp responded. The district court granted U.S. Pipe's motion and dismissed the case. Camp has filed a timely appeal. He is now proceeding pro se. U.S. Pipe requests oral argument.

We review the district court's grant of summary judgment de novo. *Lanier v. Bryant,* 332 F.3d 999, 1003 (6th Cir.2003). Summary judgment is appropriate when the evidence presented shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (quoting Fed.R.Civ.P. 56(c)).

In order to establish a claim for disability discrimination under the ADA, a plaintiff must prove: (1) that he is disabled, (2) that he is qualified to perform his job with or without reasonable accommodation, and (3) that his employer either refused to make a reasonable accommodation for his disability or subjected him to an adverse employment decision solely on the basis of his disability. *Bratten v. SSI Servs., Inc.,*

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

185 F.3d 625, 632 (6th Cir.1999); *Cassidy v. Detroit Edison Co.*, 138 F.3d 629, 633 (6th Cir.1998); *Roush v. Weastec, Inc.*, 96 F.3d 840, 843 (6th Cir.1996). The disabled person "bears the initial burden of proposing an accommodation and showing that *that* accommodation is objectively reasonable." *Cassidy*, 138 F.3d at 633–34 (quoting *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1183 (6th Cir.1996)).

In order to establish a prima facie case of retaliation, the plaintiff must prove that: (1) he "engaged in protected activity;" (2) his employer was aware of the protected activity; (3) he suffered an adverse employment action; and (4) "a causal connection exists between the protected activity and the adverse employment action." *Walborn v. Erie County Care Facility*, 150 F.3d 584, 588–89 (6th Cir.1998). The plaintiff may establish a retaliation claim directly by producing sufficient evidence from which an inference could be drawn that a discriminatory reason more likely than not caused the adverse employment action, *see id.* at 589, or indirectly by producing evidence that the employer's asserted reason for the adverse employment action is pretextual. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

Upon review, we conclude that the district court properly granted summary judgment in favor of U.S. Pipe. Camp did not present a prima facie case of disability discrimination because he failed to demonstrate that he is a qualified individual with a disability within the meaning of the ADA. Although Camp may be disabled, he failed to show that he could perform the essential functions of any available position at U.S. Pipe with or without a reasonable accommodation in light of the restrictions imposed upon his activities by his treating physician. Camp did not identify any available position that he could perform at U.S. Pipe without a reasonable accommodation and he did not propose a reasonable accommodation that would enable him to perform the essential functions of any available position at U.S. Pipe.

█ Camp also failed to establish a prima facie case of retaliation. Camp failed to show that the U.S. Pipe official who made the decision to terminate his employment knew of his prior protected activity and that a causal connection existed between his participation in protected activity and the termination of his employment. Even if Camp could establish a prima facie case of retaliation, U.S. Pipe asserted a legitimate, nondiscriminatory reason for terminating his employment, namely, his inability to perform any available job at U.S. Pipe. Camp has not provided any evidence from which a reasonable jury could conclude that U.S. Pipe's proffered reason for terminating his employment was a pretext for discrimination. *See Burdine*, 450 U.S. at 253, 101 S.Ct. 1089; *McDonnell Douglas*, 411 U.S. at 804, 93 S.Ct. 1817.

Accordingly, the request for oral argument is denied and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.