NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  14a0150n.06

No. 12-2688

FILED

Feb 25, 2014

DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

CYNTHIA L. HORN,                              )
                                             )
      Plaintiff-Appellant,                  )
                                             )
v.                                           )        ON APPEAL FROM THE
                                             )        UNITED STATES DISTRICT
KNIGHT FACILITIES MANAGEMENT-GM,             )        COURT FOR THE EASTERN
INC.,                                        )        DISTRICT OF MICHIGAN
                                             )
      Defendant-Appellee.                   )
                                             )

BEFORE:    SUHRHEINRICH, GIBBONS, COOK, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.**  Cynthia Horn appeals from the district court's dismissal of her discrimination claim.  Horn worked for Knight Facilities Management-GM, Inc., as a janitor for several years, during which she developed a sensitivity to cleaning products.  Horn argues that Knight Facilities violated the Americans with Disabilities Act (ADA) by failing to provide reasonable accommodations.  The district court granted summary judgment in favor of Knight Facilities on all claims.  We agree that no issue of material fact exists and therefore affirm the judgment.

**I.**

Horn began working for Knight Facilities as a janitor in July 2008.  Knight Facilities requires its janitors to clean restrooms, floors, counters, and windows, among other tasks.  Janitors also must mix water with detergents or acids to prepare cleaning solutions.

During the course of her employment, Horn worked several different cleaning routes. In December 2009, Horn was assigned to a cleaning route in the Cadillac Building. This route included eight restrooms, the main lobby, main cafeteria, a smaller auxiliary cafeteria, several conference rooms, cubicles, hallways, and stairs. Horn's duties on this route included mopping floors and stairs; cleaning cafeteria tables, refrigerators, and microwaves; cleaning sinks and countertops; cleaning conference tables; cleaning drinking fountains; spraying trash receptacles after emptying them; and cleaning restrooms. Horn used chemicals such as Lemon-Scented Neutral Quat and Chemico 2300. The use of these chemicals was not limited to cleaning restrooms.

Sometime in 2010, Horn developed a sensitivity to the cleaning chemicals. On March 22, 2010, Horn visited an associate at the office of her family physician, Dr. Lisa Langenburg, and complained of burning lungs and throat. She worked part of the next day, but her symptoms persisted. Horn made an appointment with Dr. Langenburg, who diagnosed her with pneumonitis and mild hypoxia. Dr. Langenburg recommended that Horn miss work for a week and wear a mask when cleaning bathrooms.

When Horn returned to work, she gave Knight Facilities a letter from Dr. Langenburg that instructed Knight Facilities to restrict Horn's bathroom chemical exposure to a maximum of two hours per eight-hour day and make an effort to ventilate the area. Knight Facilities complied and assigned four of Horn's bathrooms to another janitor. Still, Horn's symptoms returned within two hours of working. Horn's supervisor drove her to a medical center that day for treatment.

Dr. Langenburg released Horn to work on July 14, 2010, but noted the following restriction: "no exposure to cleaning solutions." Horn testified that this restriction was stricter

than the first and that it was not limited to a location, but barred her use of cleaning chemicals "period." Horn gave Dr. Langenburg's letter to Knight Facilities's human resources department. Concerned about the severity of the restriction, Kristya Smith, Knight Facilities's human resources manager, contacted Dr. Langenburg and explained that it had no work available for Horn within the restriction. Therefore, Smith asked Dr. Langenburg to "review the cleaning solution fact sheet detailing the exposure limits of each chemical she is being exposed to and the job description detailing what is required of her and based on this information provide updated restrictions." After reviewing the letter, Dr. Langenburg did not change Horn's restrictions and continued to recommend that Horn "be away from [the cleaning solutions] altogether." To this day, Horn is still on a "no exposure to cleaning solutions" restriction.

After talking to Dr. Langenburg, Smith discussed Horn's work restrictions with Virginia Kuenker, Knight Facilities's Vice President of Human Resources. They concluded that "there was no work available to meet the criteria that was set forth by Dr. Langenburg." Kuenker explained that Horn would be exposed to cleaning solutions in any of the buildings cleaned by Knight Facilities, regardless of the task, because the solutions were airborne. After this meeting, Smith called Horn and told her that there was no work available within the restrictions.

Horn wrote several letters and emails asking Knight Facilities to place her in a different position and suggesting tasks she could do without exposure to chemicals. Horn then talked to the president of her local union, who spoke to Knight Facilities on Horn's behalf. Knight Facilities participated in the discussions but ultimately determined that there were no open positions for Horn because of her seniority level. Knight Facilities also refused to allow Horn to work her current route using a respirator, concluding that the use of a respirator did not meet Horn's restriction and, even if it did, it would cause an undue hardship because Knight Facilities

would have to buy respirators for all of the other janitors. Therefore, Knight Facilities fired Horn.

On August 31, 2011, Horn sued Knight Facilities, alleging a reasonable-accommodation claim under the ADA. Knight Facilities moved for summary judgment, arguing that Horn was not disabled under the ADA and that she was not a qualified individual because she could not perform the essential functions of her job even with reasonable accommodation. The district court agreed that Horn was not a qualified individual with or without a reasonable accommodation and granted Knight Facilities's motion. Horn appeals.

## II.

We review a district court's grant of summary judgment *de novo*. *Allstate Ins. Co. v. Thrifty Rent-A-Car Sys., Inc*., 249 F.3d 450, 453 (6th Cir. 2001). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In deciding motions for summary judgment, we draw all reasonable inferences in favor of the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). "The ultimate inquiry is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Phillips v. Roane Cnty*., 534 F.3d 531, 538 (6th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251–52 (1986)).

**III.**

We evaluate reasonable-accommodation claims using the direct evidence test. *Kleiber v. Honda of Am. Mfg., Inc.*, 485 F.3d 862, 868–69 (6th Cir. 2007). Horn must establish that she is (1) disabled within the meaning of the ADA and (2) "otherwise qualified" for the position despite her disability, either without accommodation from Knight Facilities, with an alleged "essential" job requirement eliminated, or with a proposed reasonable accommodation. *See id.* at 869. If Horn carries her burden, Knight Facilities bears the burden of proving that "a challenged job criterion is essential, and therefore a business necessity," or that the proposed accommodation would impose an undue hardship on its business. *Id.*; *see also Cash v. Siegel-Robert, Inc.*, No. 13-5467, 2013 WL 6231791, at *4 (6th Cir. Dec. 3, 2013).

As an initial matter, the parties dispute whether Horn is disabled within the meaning of the ADA Amendments Act of 2008 (ADAAA). *See* 42 U.S.C. § 12102(4)(A)–(D); *Donald v. Sybra, Inc.*, 667 F.3d 757, 764 (6th Cir. 2012); *Milholland v. Sumner Cnty. Bd. of Educ.*, 569 F.3d 562, 566–67 (6th Cir. 2009). We do not need to decide this issue because Horn's claim fails on the second prong.

Horn argues that she is a qualified individual who, with reasonable accommodation, can perform the essential functions of her job as a janitor. Horn proposes two accommodations: (1) eliminating restrooms on her cleaning route or (2) providing her with a respirator. She bears the initial burden of showing that at least one of these proposed accommodations is objectively reasonable. *See Cassidy v. Detroit Edison Co.*, 138 F.3d 629, 634 (6th Cir. 1998). In evaluating a reasonable-accommodation claim, "this Court's analysis must focus on the limitations indicated by the doctors to determine whether [the plaintiff] was denied a necessary, reasonable accommodation." *Johnson v. Cleveland City Sch. Dist.*, 443 F. App'x 974, 984 (6th Cir. 2011).

The ADA does not require Knight Facilities to provide particular jobs that Horn requested or to meet additional accommodations that Horn believes should have been provided but that are not required by her indicated limitations. *See id.* Instead, the touchstone is whether Knight Facilities could reasonably accommodate the restrictions provided by Horn's doctor. *See id.*; *see also Camp v. U.S. Pipe & Foundry Co.*, 80 F. App'x 447, 449 (6th Cir. 2003).

We find that neither proposed accommodation is objectively reasonable because they both fail to comply with the physician-mandated restriction of "no exposure to cleaning solutions." Eliminating the bathrooms on Horn's route or assigning her to a new route without bathrooms are not reasonable accommodations because it is undisputed that Horn's job still would have involved exposure to cleaning chemicals. Likewise, there is no evidence that working with a respirator would have complied with Dr. Langenburg's restriction. As the district court noted, the "final restriction was not limited to exposure to breathing fumes from chemical solutions. Her restriction was 'No exposure to Cleaning Solutions' and that would include using or touching cleaning solutions." And while Horn asserts that a respirator could have eliminated or significantly reduced her *respiratory* exposure, she provides no actual evidence to support this statement, much less evidence showing that a respirator would have prevented all exposure. Horn's personal belief that she could handle cleaning solutions as long as she was wearing a respirator is irrelevant. *See Alexander v. Northland Inn*, 321 F.3d 723, 727 (8th Cir. 2003). Also irrelevant is the fact that Dr. Langenburg wavered on the restriction two years after the fact. *Id*. at 727.

On appeal, Horn argues for the first time that Dr. Langenburg's "opinion was not as rigid as expressed in [the] final restriction" and that Knight Facilities would have known that Horn could occasionally handle cleaning solutions and/or work with a respirator had they engaged in

the interactive process in good faith. We find this argument unavailing. The record shows that Knight Facilities genuinely tried to determine what, if any, reasonable accommodations could be made. First, Knight Facilities modified Horn's cleaning route to accommodate her initial restriction. When that restriction was changed, Knight Facilities contacted Dr. Langenburg to express its concern with accommodating the restriction and ask her to reconsider. And when Dr. Langenburg refused to modify her restriction, Knight Facilities talked with Horn about her restriction and any possible accommodations. *See White v. Interstate Distrib. Co.*, 438 F. App'x 415, 419–20 (6th Cir. 2011) ("Although this interactive process only occurred over the phone, the ADA does not require that an in-person meeting occur, provided that the interaction is otherwise satisfactory." (citing *Wilkerson v. Shinseki*, 606 F.3d 1256, 1266 (10th Cir. 2010); *Connolly v. Entex Info. Servs., Inc.*, 27 F. App'x 876, 878 (9th Cir. 2001))). Furthermore, Knight Facilities also talked with union representatives about possible accommodations, including the use of a respirator. *See Jakubowski v. Christ Hosp., Inc.*, 627 F.3d 195, 202–03 (6th Cir. 2010) ("[T]he employer is not required to propose a counter accommodation in order to participate in the interactive process in good faith."). At best, Horn suggests different ways Knight Facilities could have participated in the interactive process—such as meeting with Horn and Dr. Langenburg together, not separately. But the mere fact that alternative methods exist does not show that Knight Facilities failed to engage in the interactive process, much less that it acted in bad faith.

**IV.**

For the above reasons, we affirm the district court's decision.